559 F.2d 873
 Taylor DILLARD, Petitioner-Appellant,
v.
J. Edwin LaVALLEE, Warden of the Clinton Correctional
Facility, and Benjamin Ward, Commissioner of the
New York State Department of
Correctional Services,
Respondents-Appellees.
 No. 1377, Docket 77-2046.
 United States Court of Appeals,
Second Circuit.
 Argued June 14, 1977.
Decided July 26, 1977.
 
 Michael J. Obus, Mineola, N.Y. (James J. McDonough, Legal Aid Society of Nassau County, Criminal Division, Mineola, N.Y., Matthew Muraskin, Mineola, N.Y., of counsel), for petitioner-appellant.
 Anthony J. Girese, Asst. Dist. Atty., New York City (Denis Dillon, Dist. Atty., Nassau County, Mineola, N.Y., William C. Donnino, Asst. Dist. Atty., Mineola, N.Y., of counsel), for respondents-appellees.
 Before LUMBARD, SMITH and OAKES, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Taylor Dillard appeals from the dismissal of his petition for a writ of habeas corpus by the United States District Court for the Eastern District of New York, George C. Pratt, Judge. Dillard claims that his sentence as a second felony offender, pursuant to New York Penal Law § 70.06, violates the equal protection clause of the fourteenth amendment. We find no merit in this claim and affirm.
 
 I.
 
 2
 In May, 1971 Dillard was convicted of the felony of operating a motor vehicle in an intoxicated condition, in violation of New York Vehicle and Traffic Law § 1192. This non-Penal Law felony is deemed to be a class E felony. New York Penal Law § 55.10(1)(b). On February 3, 1975 he was convicted, after a jury trial, of the more serious class B felony of robbery in the first degree, in violation of New York Penal Law § 160.15.[1] Judge Young, of the County Court of Nassau County, pursuant to New York Penal Law § 70.06,[2] sentenced Dillard as a second felony offender to imprisonment for 4 1/2 to 9 years. For a person who is not a second felony offender the sentence of imprisonment for a class B felony is a minimum of 1 year and a maximum of 25 years. New York Penal Law § 70.00(2)(b), (3).
 
 
 3
 The Appellate Division, Second Department, affirmed the conviction without opinion, 383 N.Y.S.2d 558 (1976), and on June 15, 1976 the New York Court of Appeals denied, without opinion, Dillard's petition for permission to appeal.
 
 
 4
 On April 4, 1977 Judge Pratt denied Dillard's petition for a writ of habeas corpus.
 
 II.
 
 5
 Relying on United States v. Thompson, 147 U.S.App.D.C. 1, 452 F.2d 1333, 1340-41 (1971), cert. denied, 405 U.S. 998, 92 S.Ct. 1251, 31 L.Ed.2d 467 (1972), Dillard urges this court to strike down § 70.06 unless it serves a "compelling interest." This reliance is misplaced. Thompson involved a challenge to the bail provisions of the District of Columbia Court Reform and Criminal Procedure Act of 1970, P.L. No. 91-358, 84 Stat. 473-668. Here we have a challenge to a sentencing statute. We hold that § 70.06 does not violate the fourteenth amendment if there is "some 'rational basis' for the statutory distinctions made." Marshall v. United States, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974). Drayton v. New York, 556 F.2d 644 (2d Cir. 1977); United States ex rel. Daneff v. Henderson, 501 F.2d 1180, 1183 (2d Cir. 1974).
 
 
 6
 Dillard notes that § 70.06 does not apply to non-Penal Law felonies, such as operating a motor vehicle while intoxicated. He argues "had he committed his offense in the reverse order, he would have been sentenced as a first offender. . . . This classification of multiple offenders based solely on the order in which offenses are committed has no rational basis. . . "[3] (Brief for Appellant, at 6.)
 
 
 7
 The New York legislature could rationally decide that robbery in the first degree is a more serious crime than driving while intoxicated and classify the former as a Penal Law felony and the latter as a non-Penal Law felony.[4] The legislature could also rationally decide to reduce the judge's discretion in the sentencing of a Penal Law offender who, as here, has previously committed a less serious felony. This is a permissible sanction against committing crimes of increasing seriousness.
 
 
 8
 Dillard gives several illustrations in which it is possible, under New York's current statutory scheme, for the second felony to be less serious than the first felony even when both are Penal Law felonies.[5] For example, a person might be convicted of rape in the first degree, a class B felony, New York Penal Law § 130.35, and then be convicted of stealing a credit card, a class E felony, New York Penal Law § 155.30.[6] We need not and do not, however, decide whether the application of § 70.06 in any of Dillard's hypothetical examples would violate the fourteenth amendment. "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); United States ex rel. Daneff v. Henderson, supra, 501 F.2d 1185.
 
 
 9
 We hold that § 70.06, as applied to Dillard, is rational and does not violate the fourteenth amendment's equal protection clause.
 
 
 10
 Affirmed.
 
 
 
 [1]
 New York says (Brief for Appellees, at 2) that Dillard was convicted of robbery in the first degree in violation of New York Penal Law § 160.10. Section 160.10 deals with robbery in the second degree, a class C felony. Prior to 1965 the conduct proscribed by § 160.10 constituted first degree robbery. McKinney's Consol. Laws of New York, Book 39, Penal Law, 202. For purposes of this appeal we follow Judge Pratt and assume Dillard was sentenced as a class B felon
 
 
 [2]
 Section 70.06 says, in pertinent part:
 
 
 [3]
 Maximum term of sentence. The maximum term of an indeterminate sentence for a second felony offender must be fixed by the court as follows:
 (a) For a class B felony, the term must be at least nine years and must not exceed twenty-five years;
 
 
 [4]
 Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence for a second felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence
 
 
 [3]
 Dillard concedes a "robber, even without a prior drunken driving conviction, may properly receive a greater sentence than (a) drunken driver who has committed a robbery in the past." (Brief for Appellant, at 21). Given this concession, it would seem, a fortiori, that Dillard, a robber with a prior drunken driving conviction, could properly receive a greater sentence than a drunken driver who has committed a robbery in the past
 
 
 [4]
 Judge Pratt said the purpose of § 70.06 is the "incarceration and isolation of repeating offenders." We need not here decide whether this alone would suffice, since we find New York's "increasing seriousness" basis enough in Dillard's case
 
 
 [5]
 Another of Dillard's examples involves a non-Penal Law felony that is more serious than a Penal Law class E felony. New York Labor Law § 464 says "any person who possesses an explosive without being duly licensed or otherwise authorized to do so under the provisions of this article shall be guilty of a class D felony."
 
 
 [6]
 While a class E felony has a minimum period of imprisonment of 1 year and a maximum period of 4 years, New York Penal Law § 70.00(2)(e), (3), a second felony offender convicted of a class E felony faces a maximum sentence of 3-4 years and a minimum sentence of one-half the maximum. New York Penal Law § 70.06(3)(d), (4)