George Joseph Francis HAAG,
Petitioner–Appellant,

v.

Benjamin WARD, New York State Board
of Parole, Respondents–Appellees.

No. 1236, Docket 80–2069.

United States Court of Appeals,
Second Circuit.

Submitted June 10, 1980.

Decided Sept. 30, 1980.

George Joseph Francis Haag, petitioner–appellant pro se.

Charlotte C. Lee, Deputy Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of New York, Gerald J. Ryan, Asst. Atty. Gen., New York City, of counsel), for respondents.

Before FRIENDLY and MANSFIELD, Circuit Judges.*

PER CURIAM:

George Joseph Francis Haag, a state prisoner incarcerated upon a second felony conviction at New York's Otisville Correctional Facility, appeals pro se from an order of the District Court for the Northern District of New York, entered by Judge Edmund Port on January 21, 1980, affirming after reconsideration his earlier order entered on January 9, 1979, which granted summary judgment dismissing Haag's pro se complaint. On March 24, 1976, Haag was sentenced as a second felony offender by the New York State Supreme Court to a term of 4½ to 9 years imprisonment. His complaint, which was filed on June 12, 1978, seeks relief under 42 U.S.C. § 1983, claiming that New York Penal Law, §§ 70.06 and 70.30(1)(a), insofar as they apply to him, deny him equal protection of the law in violation of his constitutional rights because they do not credit him with time served on a prior com-

---

* Honorable William O. Mehrtens, Senior District Judge for the Southern District of Florida, sitting by designation, participated in this appeal. Judge Mehrtens voted in favor of the disposition herein made, but due to his subsequent illness and death did not have an opportunity to review this opinion. Accordingly the appeal is being disposed of by the other two judges as provided in Second Circuit Rule § 0.14.

pleted felony sentence against the minimum period of the felony sentence presently being served by him, whereas other second felony offenders concurrently serving felony sentences imposed at a previous time do receive such a credit. See also N.Y. Penal Law, § 70.25(1). Section 70.06 defines a "second felony offender" and provides for enhanced punishment of persons falling within its purview. There is no doubt that Haag fits within its definition. Section 70.30(1)(a) provides that where indeterminate felony sentences "run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences." Section 70.25 provides that where a person subject to an undischarged term of imprisonment imposed at a previous time is sentenced to an additional term of imprisonment "the sentences . . . shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs" and that in the absence of such a direction "an indeterminate sentence shall run concurrently with all other terms."

Haag alleges that as a result of his being denied credit for the time served on his earlier completed sentence he is not permitted to appear before the State Board of Parole until he has completed serving 4½ years of his present sentence, and he is in the meantime denied the benefit of prison programs and privileges granted to other prisoners eligible to appear before the Board. He seeks the right to appear before the Board for parole consideration and to participate in prison benefits and programs denied him.

In his decision filed January 9, 1979, dismissing the complaint Judge Port, proceeding in the erroneous belief that Haag had received a suspended sentence on his earlier predicate felony conviction, held that the provision in N.Y. Penal Law § 70.30(1)(a) for credit was not available to Haag for the reason that it applied only to prisoners serving ·prison terms on prior felony convictions at the time when they were imprisoned on the second felony and that since the distinc-

tion between such prisoners and those who had not been imprisoned on the prior felony was rationally based, it did not, as applied to Haag, violate his Equal Protection rights. Upon appeal we, by order dated June 22, 1979, affirmed Judge Port's decision but, having been informed by Haag that he had been imprisoned on his earlier, predicate felony, we did so without prejudice to Haag's raising in the district court the question of whether, if established, this added fact would entitle him to relief.

Upon Haag's application to the district court for reconsideration it was established that Haag had indeed been imprisoned on the predicate felony but that he had completed his sentence and been discharged from probation several years prior to his commencement of service of his present sentence. Judge Port adhered to his earlier decision, holding that §§ 70.25 and 70.-30(1)(a) did not apply to Haag because he had completed service of his prior sentence, and that the legislature's limitation of the credit to prisoners serving their predicate sentences at the time· of imprisonment on the second felony conviction was rationally based. From this decision Haag appeals.

The record contains signs suggesting that this appeal might be disposed without reaching the constitutional issue raised by appellant. Since his purported § 1983 complaint, even when read with the generosity required in the case of pro se complainants, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), seeks among other things release from confinement, treatment of at least part of it as a petition for a writ of habeas corpus may be required, see *Preiser v. Rodriquez*, 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). This would, in turn, raise the question of whether Haag has exhausted his state court remedies. Although Justice Norman L. Harvey of the New York Supreme Court for the County of Clinton, in a decision filed on January 19, 1978, held that the N.Y. Penal Law provision here at issue did not deprive Haag of equal protection he, like Judge Port in his first decision, proceeded on the erroneous assumption that Haag re-

ceived a suspended sentence on the predicate felony and he was apparently unaware that Haag had served a long prison term in that case. This misapprehension raises doubts as to whether state remedies were exhausted, *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Johnson v. Metz*, 609 F.2d 1052, 1055 (2d Cir. 1979), and whether, if the action is treated as a suit under § 1983, it is barred by the doctrine of *res judicata*. In addition, we have not been advised whether Haag has during the pendency of this appeal been permitted to appear before the Board for parole consideration or whether he is still denied benefits or privileges enjoyed by other prisoners so considered.

The facts with respect to these matters which might enable us possibly to decide the case on nonconstitutional grounds are lacking. A further remand to obtain them, however, would waste the time and resources of the parties and of the court. Moreover, the answer to the constitutional issue raised by Haag is in our view clearcut. Accordingly, we proceed to the merits.

The question is whether N.Y. Penal Law § 70.30(1)(a), which provides that where sentences "run concurrently" the time served on one shall be credited against the minimum terms of all, denies equal protection to a prisoner who has completed service of one sentence on a predicate felony and is now serving a sentence on a second felony. We hold that it does not and that Haag is not entitled under the Constitution to have his earlier sentence treated as if it were being served concurrently with the later one. The legality of the statutory difference in treatment of the two types of sentences turns on whether the distinction is rationally based rather than whether it served a compelling state interest. *Marshall v. United States*, 414 U.S. 417, 422, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974); *Dillard v. LaVallee*, 559 F.2d 873, 874 (2d Cir.), *cert. denied*, 434 U.S. 999, 98 S.Ct. 641, 54 L.Ed.2d 495 (1977). That a rational basis exists for treating the two situations differently is readily apparent. The New York legislature may well have concluded, for instance, that a person who commits a second felony after he has completed service of his sentence on a prior one and has been released is a poorer candidate for parole and rehabilitation than a prisoner who is serving concurrent felony sentences.

Accordingly the judgment of the district court is affirmed.