■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CALVIN TRUDO, Appellant.—Mikoll, J. Appeal, by permission, from an order of the County Court of Albany County (Harris, J.), entered December 14, 1988, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crimes of robbery in the first degree, burglary in the first degree and grand larceny in the second degree.

Defendant was convicted after a trial of robbery in the first degree, burglary in the first degree and grand larceny in the second degree. Following a persistent felony hearing, he was found to be a persistent felony offender and sentenced to concurrent prison sentences of 25 years to life for each crime. Defendant belatedly brought the instant application pursuant to CPL 440.20 to set aside his sentence. He argues that the supporting antecedent felony conviction rendered in the United States District Court for the District of Vermont for possession, after having been previously convicted of a felony, of firearms previously transported in interstate commerce (18 USC, Appendix former § 1202) does not fulfill the requirements of Penal Law § 70.10 and does not constitute a felony under New York law. This motion was denied by order of County Court. Leave to appeal that order was granted by a Justice of this court.

County Court's order should be reversed, the sentence imposed vacated and the matter remitted for resentencing. Defendant's conviction for the Federal felony of possession of firearms under 18 USC, Appendix former § 1202 has not been shown to be a crime equivalent to a felony under the Penal Law as required by *People v Gill* (109 AD2d 419, 421). "To avoid the consequences of unconstitutionality, all of the statutory elements of the out-of-State convictions must, if admitted by a plea, constitute a felony in New York" *(supra,* at 421). The "judgment and probation/commitment" order states that "[d]efendant has been convicted as charged of the offense of violation of Title 18 U.S.C., [Appendix former] Section 1202, did possess fire arms, which fire arms had previously been transported in interstate commerce".

Possession of a firearm after having been previously convicted of a felony is violative of Penal Law § 265.02 (1) only when, in the commission thereof, defendant commits the crime of criminal possession of a weapon in the fourth degree as defined in Penal Law § 265.01 (1), (2), (3) or (5). Penal Law § 265.01 (1) outlaws possession of a "firearm", but that term is given a more limited meaning by Penal Law § 265.00 (3) than "firearm" in the Federal statute, which includes any rifle or

shotgun (18 USC, Appendix former § 1202 [c] [3]). Thus, the Federal conviction cannot be used here to support a finding that defendant is a persistent felon in the absence of evidence of the type of firearm which defendant was convicted of possessing.

Order reversed, on the law, sentence vacated and matter remitted to the County Court of Albany County for resentencing. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.