THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GRIFFIN, Appellant.—Order unanimously affirmed. Memorandum: Supreme Court properly denied defendant's motion, pursuant to CPL 440.20 (1), to vacate his sentence as a persistent felony offender. Defendant was convicted in 1960 in Federal District Court of unlawful transportation of a stolen vehicle in interstate commerce (18 USC § 2312) and conspiracy to transport said vehicle (18 USC § 371) and was sentenced to one year and one day on each conviction. Since defendant received a sentence in excess of one year on each of those convictions they were properly considered for persistent felony offender adjudication *(see,* Penal Law § 70.10 [1] [b] [i]). Defendant also was convicted in 1968 in Suffolk County Court of criminal sale and possession of a dangerous drug, each in the second degree, and was sentenced to concurrent indeterminate terms of 5 to 15 years and 2½ to 7 years, respectively. Thus, defendant was properly adjudicated a persistent felony offender in 1979 *(see,* Penal Law § 70.10 [1] [a]). Defendant's challenge to the constitutionality of the persistent felony offender statute (Penal Law § 70.10) lacks merit *(see, People v Parker,* 41 NY2d 21, 25). In view of our holding, we need not address the additional issue whether the court properly considered defendant's 1965 conviction for second degree grand larceny on which he was sentenced to 0 to 5 years in a State reformatory. (Appeal from order of Cayuga County Court, Contiguglia, J.—vacate sentence.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MARTIN, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence corroborating the unsworn testimony of the infant victim *(see,* CPL 60.20 [3]) was sufficient to sustain defendant's conviction of sodomy in the first degree *(see, People v McGuire,* 152 AD2d 945, *lv denied* 74 NY2d 849; *People v Kulakowski,* 135 AD2d 1119, *lv denied* 70 NY2d 1007). We also conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from judgment of Oswego County Court, Auser, J.—sodomy, first degree.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.