**David Orion GRIFFIN, Jr., Petitioner–Appellee,**

v.

**Louis F. MANN, Superintendent, Respondent–Appellant.**

**No. 96–3702.**

United States Court of Appeals, Second Circuit.

Argued July 16, 1998.

Decided Aug. 24, 1998.

---

Alicia R. Ouellette, Assistant Attorney General of the State of New York (Dennis C. Vacco, Attorney General, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Julie S. Mereson, Assistant Attorneys General, of counsel), for Respondent–Appellant.

Daniel J. Stewart, Dreyer Boyajian, Albany, NY (William J. Dreyer, Christine M. Clark, Dreyer Boyajian, of counsel), for Petitioner–Appellee.

B e f o r e: WINTER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

WINTER, Chief Judge:

Louis Mann, Superintendent of the Shawangunk Correctional Facility, appeals from Judge Scullin's grant of a writ of habeas corpus to David Griffin, Jr. The district court held that the persistent felony offender statute, New York Penal Law § 70.10, violates the Equal Protection clause because it defines predicate convictions more broadly than does the second felony offender statute, New York Penal Law § 70.06. Assuming that the distinctions between the two sentencing schemes implicate Equal Protection concerns,[1] we conclude that they have a rational basis, and, accordingly, we reverse.

In 1979, Griffin was convicted of four counts of the felony of promoting prostitution in the second degree under New York Penal Law § 230.25. Cayuga County Judge Contiguglia found that two of Griffin's prior convictions constituted predicate felonies for purposes of sentencing Griffin as a persistent felony offender under Section 70.10. Griffin's first such conviction was in 1960 for violating the federal National Motor Vehicle Theft Act (Dyer Act), Pub.L. No. 66–70, Ch. 89, 41 Stat. 324 (1919) (codified as amended at 18 U.S.C. §§ 10, 2311—13), for which he was sentenced to two concurrent prison terms of one year and one day. There is no counterpart to the Dyer Act in New York law. In 1968, Griffin's second such convic-

---

1. The district court noted that Section 70.10 is constitutional viewed in isolation but irrational when read in conjunction with Section 70.06. Because we hold that Section 70.10 is rational as applied to Griffin, Section 70.06 notwithstanding, we need not explore further whether a truly anomalous situation would implicate the Equal Protection Clause. In such a case, our concern might well be solely with the rationality of the classification made by the statute applied, not with its apparent relationship to another concededly rational statute.

tion was under New York law for criminal possession and sale of a controlled substance for which he was sentenced to concurrent prison terms of 5 to 15 and 2 1/3 to 7 years. Based on the Dyer Act violation and state narcotics offenses (each deemed a single felony under Section 70.10(1)(c)), the Cayuga County Judge sentenced Griffin as a persistent felony offender under Section 70.10 to twenty-five years to life imprisonment.

In 1992, Griffin petitioned for a writ of habeas corpus. Magistrate Judge Smith recommended that the petition be granted and Judge Scullin granted the writ. *See Griffin v. Mann*, No. 92–CV–888 (FJS/RWS), 1996 WL 743841 (N.D.N.Y. Dec. 5, 1996). The ground for Judge Scullin's decision was that Griffin's Dyer Act conviction was deemed a predicate felony under Section 70.10 but would not have had similar status for purposes of Section 70.06. This distinction, he held, violated the Equal Protection Clause. *See id.* at *3. This appeal followed.

## A. *New York's Repeat–Offender Sentencing Scheme*

Sections 70.10 and 70.06 provide for the enhancement of sentences imposed on persistent felony offenders and second felony offenders, respectively. Sentencing under Section 70.10 may lead to greater enhancements than does sentencing under Section 70.06. Under Section 70.10, the minimum term is fifteen to twenty-five years while the maximum is life imprisonment. Under Section 70.06, the minimum and maximum terms vary in accordance with the seriousness of the particular felony offense for which a defendant is then being sentenced. Under either provision, imposition of a sentence enhancement involves the following factors:

### 1. *Number of Prior Felony Convictions*

The persistent felony offender statute applies to defendants being sentenced for a felony who have previously been convicted of two or more felonies. *See* N.Y. Penal Law § 70.10(1)(a) (McKinney 1998). The second-offender statute is something of a misnomer because it applies to defendants with one or more prior felony convictions. *See* N.Y. Penal Law § 70.06(1)(a) (McKinney 1998). Re-

peat felons with two or more felony convictions can, therefore, be sentenced under the second offender statute. However, as discussed below, Sections 70.10 and 70.06 define predicate felonies differently.

### 2. *Nature of Predicate Felony Convictions*

Under New York law, a felony is a crime for which imprisonment exceeding one year, or death, can be imposed. *See* N.Y. Penal Law § 10.00(5) (McKinney 1998). Section 70.10(1)(b) does not distinguish among felony convictions that arise under federal, New York State, or out-of-state law. Thus, if the acts constitute a felony under federal or another state's law, they will be deemed a felony for purposes of persistent offender status under Section 70.10 even if there is no counterpart felony in New York law. By contrast, under Section 70.06, the underlying acts of a federal or out-of-state felony must be recognized as a felony in New York to qualify as a predicate felony.

### 3. *Sentence Imposed for Prior Felony Convictions*

Under Section 70.10(1)(b)(i), a sentence in excess of one year must actually have been imposed, whereas Section 70.06(1)(b)(i) requires only the availability of such a sentence, whether or not it was imposed.

### 4. *Age of prior felony convictions*

Under Section 70.10, it does not matter when the predicate felonies were committed. Section 70.06(1)(b)(iv) requires that no more than 10 years lapse between imposition of the prior felony sentence and the commission of the felony for the instant sentence.

### 5. *Implications of prior felony convictions*

Section 70.10(2) requires that the court make a finding that "the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest. . . . . ." Sentencing as a persistent

felony offender is, therefore, discretionary. By contrast, Section 70.06(2) imposes mandatory sentences if at least one predicate felony, as defined in Section 70.06(1)(b), exists.

### B. *Constitutionality of New York's Persistent Felony Offender Statute*

The aspect of Section 70.10 challenged here is that the underlying acts of a federal or out-of-state felony need not constitute a felony under New York law to qualify as a predicate felony for purposes of sentencing as a persistent offender. The district court held that a state might constitutionally take out-of-state felonies into account in repeat-offender sentencing provisions even where those felonies had no in-state counterpart. However, it held that New York's repeat offender scheme was unconstitutional because the statute deemed a federal or out-of-state felony without a New York counterpart as a predicate felony for persistent offender status—the more serious category—but not for second offender status—the less serious category. Noting that this scheme was "anomalous," the court then held that such a result was "antithetical to the principles of equal protection." *Griffin,* 1996 WL 743841 at *4.

■ Our review of this issue of law is *de novo. See Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996). Because the statutory scheme does not involve a suspect classification or impinge on a fundamental right, it need survive only rational basis scrutiny. *See Haag v. Ward,* 632 F.2d 206, 208 (2d Cir.1980) (per curiam).

■ The issue in the instant matter arises out of the district court's concern that some prior crimes are deemed more serious for persistent offender status than they are for second offender status. For example, a defendant with two prior out-of-state felony convictions for crimes without a New York counterpart would qualify as a persistent offender under Section 70.10 but not as a second offender under Section 70.06. In its most egregious, if hypothetical, manifestation, this apparent anomaly could leave such a defendant exposed to sentencing as a persistent offender for acts that New York law-

makers had consciously determined to be unworthy of felony status. However, in our view, this seeming anomaly does not amount to a distinction of constitutional significance.

Section 70.10 was enacted to prescribe a "special sentence for only those who persist in committing serious crimes after repeated exposure to penal sanctions...." *Commission Staff Notes on the Proposed New York Penal Law,* § 30.10, at 285 (1964). Three main features furthered that objective. First, actual imprisonment under the prior sentence was required. *See id.* at 284–85. Second, felony convictions were eligible to be counted whether or not they constituted a felony under New York law. *See id.* at 285. The alternative—a predicate felony for persistent offender purposes must be a crime that constitutes a felony under New York law—was explicitly considered and rejected at the time of enactment. The rationale given for rejecting that alternative was:

> [Requiring that predicate felonies constitute felonies under N.Y. State law] is an extremely difficult rule to administer. It involves a myriad of complex distinctions and, moreover, it may often mandate rejection of substance for highly technical reasons. It is true that the proposed test permits the court to base a persistent offender sentence upon a prior out of state conviction for an act which, if committed here, would be a misdemeanor or would not even be a crime. But there is certainly nothing unjust or illogical in permitting the court to consider the prevailing norms in the jurisdiction where the act was committed. Moreover, certain serious Federal crimes are not crimes under the laws of this State.

*Id.* (citations omitted). Third, imposition of these sentence enhancements was to be at the sentencing court's discretion. "The discretionary feature allows the court to weigh the substance of foreign convictions and consider all of the circumstances. This will provide fairness to the offender and protection for the public." *Id.*

The second-felony offender statute prescribes a mandatory minimum enhancement for qualifying repeat felons. Prior to a 1975

amendment, Section 70.06 included federal and out-of-state felonies without a New York counterpart as predicate crimes for second offender status. The amendment, which excluded such crimes, was adopted at a time when the constitutionality of Section 70.06 was being challenged. *See People v. Parker,* 41 N.Y.2d 21, 24, 390 N.Y.S.2d 837, 359 N.E.2d 348 (1976) (reversing order vacating sentence on grounds § 70.06 violates federal and state constitutions). Although the constitutional challenge failed, the critics had raised a concern perceived as legitimate, namely that the combination of mandatory sentences and out-of-state criminal convictions might result in aberrational outcomes.

In brief, we believe that the repeat offender scheme is entirely rational. First, persistent offender sentencing is discretionary, while second offender sentencing is mandatory. New York might reasonably have concluded that it was necessary to circumscribe narrowly what constitutes a qualifying crime for purposes of the mandatory sentencing enhancements for second offenders while providing a looser definition of predicate crimes for purposes of the discretionary sentencing enhancements for persistent offenders. Second, predicate felonies for persistent offender status must have resulted in a sentence of imprisonment of more than one year, while predicate crimes for second offender status need not have resulted in imprisonment. This ensures that those deemed persistent offenders based on federal or out-of-state crimes without a New York counterpart have in fact committed serious crimes.

Griffin's two prior felony convictions and attendant incarcerations caused the sentencing court to consider whether he warranted long-term incarceration under the persistent offender statute. The court noted that in addition to the two predicate felonies for which he had served separate jail terms, Griffin had been convicted of two crimes that, although pled as misdemeanors, involved deadly weapons. With respect to the convictions for which he was then being sentenced, there were particularly aggravating circumstances. Griffin, at the time of the crime, was employed by the Cayuga County Action Program where he served as director of a youth program. As the sentencing court noted, "[T]here is no question but that he took advantage of those young girls [from the youth program] who were vulnerable and engaged them in prostitution." The court concluded that Griffin had "certainly demonstrated over the past 20 years that he cannot function legally or lawfully outside of a supervised environment." The county court's consideration of these factors was rational, as is the system that allowed for such consideration.

We therefore reverse.