■ The People of the State of New York, Respondent, v Juan Ortiz, Appellant. [724 NYS2d 611] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered June 29, 1998, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, to be served concurrently with a 1 year term for violation of probation, unanimously affirmed.

The court properly relied on defendant's prior California burglary conviction to enhance his sentence herein. Although the elements of burglary in California differ from those required by the New York statute, Penal Law § 70.10 (1) (b) does not require the out-of-State felony to consist of the same elements as the crime in New York; it only requires that there be an imposition of a sentence of more than one year (*People v Parker*, 41 NY2d 21; *People v Wright*, 50 AD2d 729; *see also, Griffin v Mann*, 156 F3d 288 [2d Cir 1998]). The record fails to support defendant's contention that the court was predisposed to sentencing him as a persistent felony offender, and such sentencing was a proper exercise of discretion given defendant's extensive criminal record.

To the extent the existing record permits review, we find that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714). Defendant's ineffective assistance claim rests upon matters dehors the record concerning advice given to him by his attorney, and "[w]ithout the benefit of additional facts that might have been developed after an appropriate postconviction motion," we find defendant's claim to be unavailing (*People v Denny*, 95 NY2d 921, 923). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.