# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**853**

**KA 09-02028**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CLEMON JONES, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Richard A. Keenan, J.), dated August 26, 2009. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to vacate the sentence imposed upon his conviction of two counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We reject defendant's contention that the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). Contrary to the contention of defendant, we conclude that he was properly adjudicated a persistent felony offender. With respect to the sufficiency of County Court's order, we agree with defendant that the court's statement that it denied defendant's motion "for the reasons set forth in the People's response" was insufficient to satisfy the requirements of CPL 440.30 (7) (*see generally People v Isaacs*, 71 AD3d 1162, 1162; *People v Williams*, 184 AD2d 608, 608; *cf. People v Watkins*, 79 AD3d 1648, 1648-1649, *lv denied* 16 NY3d 800). We nevertheless conclude that the record is sufficient to enable us to intelligently review the order denying defendant's motion (*see People v Dover*, 294 AD2d 594, 595, *lv denied* 98 NY2d 767; *People v Neely*, 219 AD2d 444, 446, *lv denied* 88 NY2d 1023; *see generally* CPL 470.15 [1]). We therefore decline to hold the matter and to remit it for a statement in accordance with CPL 440.30 (7), particularly in light of the fact that the County Court judge who originally heard the motion has since retired (*see Dover*, 294 AD2d at 594).

With respect to the merits, the persistent felony offender statute (Penal Law § 70.10), permits a sentencing court to impose the prison term authorized for a class A-1 felony (a minimum of 15 to 25 years and a maximum of life) upon a defendant who is convicted of a felony after having been previously convicted of two or more felonies, as defined by the statute (*see* §§ 70.00 [2] [a]; [3] [a] [i]; 70.10 [1] [a], [2]; *People v Vincent*, 105 AD2d 468, 469; *see also Griffin v Mann*, 156 F3d 288, 290-291). The statute defines a "previous felony conviction" as "a conviction of a felony in this state, *or of a crime in any other jurisdiction, provided: (i) that a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed therefor*; and (ii) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; and (iii) that the defendant was not pardoned on the ground of innocence; and (iv) that such conviction was for a felony offense other than persistent sexual abuse" (§ 70.10 [1] [b] [emphasis added]). Once it has been determined that a defendant is a persistent felony offender, the court may sentence defendant as such "when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest" (§ 70.10 [2]; *see Griffin*, 156 F3d at 290-291).

Here, it is undisputed that defendant was "sentence[d] to a term of imprisonment in excess of one year" on each of the two federal convictions at issue (Penal Law § 70.10 [1] [b] [i]). Thus, under the plain language of the statute, the federal convictions qualify as "previous felony conviction[s]" within the meaning of section 70.10 (1) (b) (*see People v Griffin*, 168 AD2d 972, 972, *lv denied* 77 NY2d 906). Defendant, however, contends that we should impose a requirement that foreign felonies used to support persistent felony offender status must have a New York equivalent. We reject that contention. Defendant primarily relies upon cases interpreting the second felony offender statute, which contains a different definition of a predicate felony (*see Griffin*, 156 F3d at 290; *compare* § 70.06 [1] [b] [i] *with* § 70.10 [1] [b] [i]). Under the second felony offender statute, in order to constitute a "predicate felony conviction," "[t]he conviction must have been in this state of a felony, *or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized <u>and is authorized in this state</u>* irrespective of whether such sentence was imposed" (§ 70.06 [1] [b] [i] [emphases added]).

As the Court of Appeals explained in *People v Gonzalez* (61 NY2d 586), "[f]or purposes of sentencing [under the second felony offender statute], a prior out-of-State conviction is a predicate felony conviction in New York when the foreign conviction carries with it a sentence of imprisonment in excess of one year *and a sentence in excess of one year is also authorized for the offense in this State . . . Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a*

*New York felony*" (*id.* at 589 [emphasis added]; *see People v Muniz*, 74 NY2d 464, 467; *see also People v Iliff*, 96 AD3d 974, 975).

The persistent felony offender statute, however, contains no language requiring that the underlying out-of-state conviction be for a crime that would constitute a felony in New York, i.e., "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed" (Penal Law § 10.00 [5]), or that the elements of the foreign crime be equivalent to the elements of a New York crime (*see* § 70.10 [1] [b] [i]). Rather, as noted by the Second Circuit in upholding the constitutionality of the persistent felony offender statute, "[s]ection 70.10 (1) (b) does not distinguish among felony convictions that arise under federal, New York State, or out-of-state law. Thus, if *the acts constitute a felony under federal or another state's law, they will be deemed a felony for purposes of persistent offender status under [s]ection 70.10 even if there is no counterpart felony in New York law*. By contrast, under [s]ection 70.06, the underlying acts of a federal or out-of-state felony must be recognized as a felony in New York to qualify as a predicate felony" (*Griffin*, 156 F3d at 290 [emphasis added]; *see People v Ortiz*, 180 Misc 2d 783, 789).

Further, the legislative history of the persistent felony offender statute reflects that the drafters specifically considered and rejected the contention advanced by defendant (*see Griffin*, 156 F3d at 291). According to the drafters, "*[u]nder the proposed provision a conviction of a 'crime' in any other jurisdiction will be counted, irrespective of whether such crime would have been a felony in this state*. The test would be whether the offender was actually imprisoned under a sentence with a term in excess of one year or under a commuted death sentence. Pursuant to existing law, the test is whether the crime would have been a felony in New York State. This is an extremely difficult rule to administer. It involves a myriad of complex distinctions and, moreover, it may often mandate rejection of substance for highly technical reasons . . . *It is true that the proposed test permits the court to base a persistent offender sentence upon a prior out of state conviction for an act which, if committed here, would be a misdemeanor or would not even be a crime*. But there is certainly nothing unjust or illogical in permitting the court to consider the prevailing norms in the jurisdiction where the act was committed . . . *Moreover, certain serious Federal crimes are not crimes under the laws of this State. The discretionary feature allows the court to weigh the substance of the foreign conviction and consider all of the circumstances. This will provide fairness to the offender and protection for the public*" (Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 30.10 at 285 [emphases added]).

Although defendant cites several cases from the Third Department that support his contention that foreign felonies used to support persistent felony offender status must have a New York equivalent (*see People v Trudo*, 153 AD2d 993, 994-995; *People v Gill*, 109 AD2d 419,

420-422; *see also People v Morton*, 48 AD2d 58, 59-60), we decline to follow those cases.  The Third Department cases trace back to *Morton* (48 AD2d at 59), in which that court held that a former version of the second felony offender statute—Penal Law § 70.06 (former [1] [b] [i])—was unconstitutional as applied to the defendant because it denied him equal protection and resulted in the delegation of legislative authority to other jurisdictions in violation of article III, § 1 of the New York State Constitution.  That version of the statute provided in pertinent part that, "to be a predicate felony, a prior conviction in a jurisdiction other than New York must have been for an offense for which a term of imprisonment in excess of one year or a sentence of death was authorized, irrespective of whether such sentence was imposed" (*Morton*, 48 AD2d at 59-60; *see People v Parker*, 41 NY2d 21, 23 n 2).  The Third Department reasoned that the application of that definition would deprive defendants with prior out-of-state convictions of equal protection because, if those defendants were convicted of "unusual" or arcane crimes in other jurisdictions, such as vagrancy or blasphemy, the former version of the second felony offender statute would mandate second felony offender status for defendants later convicted of a New York felony (*Morton*, 48 AD2d at 60).  According to the court, that result "would be purely arbitrary and without a basis in reason," and the court noted that, "had defendant fortuitously performed these very same earlier acts in the State of New York, he would still be entitled to first offender status upon his sentencing for his subsequent New York felony conviction" (*id.*).  The Third Department thus declared Penal Law § 70.06 unconstitutional "insofar as it provides that the extent of punishment for a convicted New York felon is dependent upon the authorized sentence for an offense of which he has previously been convicted in another jurisdiction" (*id.*).

After *Morton*, Penal Law § 70.06 was amended to include language requiring that the foreign predicate conviction must be for acts that would constitute a felony under New York law (L 1975, ch 784, § 1; *see Parker*, 41 NY2d at 27).  Shortly thereafter, however, the Court of Appeals in *Parker* (41 NY2d at 24) effectively overruled *Morton*, holding that former subdivision (1) of section 70.06 of the Penal Law was constitutional as applied to the defendant, and that the amendment was not "constitutionally mandated" (*id.* at 27).  Specifically, the Court of Appeals held that "the imposition of second felony offender status upon individuals convicted in other jurisdictions of crimes which in such other jurisdictions warrant [a] sentence of imprisonment in excess of one year is rationally related to the valid governmental aim of treating habitual offenders more severely than first time offenders" (*id.* at 25).  The Court reasoned that "[t]he [l]egislature, in enacting the challenged provision, exercised its considered judgment to provide that the seriousness of a crime should be determined by the severity of the sentence and the norms prevailing in the jurisdiction in which a crime was committed . . . The possible disparity of treatment between prior New York offenders vis-a-vis prior out-of-State offenders does not vitiate the legislative decision that an individual who has previously elected to violate the criminal standards of the society in which he [or she] was found should be treated as an habitual offender" (*id.* at 26).

In sum, under the clear and unambiguous language of Penal Law § 70.10 (1) (b) (i), a "previous felony conviction" for purposes of the persistent felony offender statute includes "a crime in any other jurisdiction, provided . . . that a sentence to a term of imprisonment in excess of one year . . . was imposed therefor."  Here, defendant was convicted in federal court of two crimes—knowingly making false statements on a Bureau of Alcohol, Tobacco & Firearms form (18 USC § 924 [a] [1] [A]) and being a convicted felon in possession of a firearm (18 USC § 922 [g])—and a sentence of imprisonment of 18 months was imposed for each conviction.  Inasmuch as "defendant received a sentence in excess of one year on each of [the federal] convictions[,] they were properly considered for persistent felony offender adjudication" (*Griffin*, 168 AD2d at 972).  We therefore affirm the denial of defendant's motion to set aside his sentence.

Entered:  September 27, 2013                 Frances E. Cafarell
                                             Clerk of the Court