================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 45
The People &c.,
          Respondent,
        v.
Clemon Jones,
          Appellant.


              John A. Cirando, for appellant.
              Geoffrey Kaeuper, for respondent.




READ, J.:

          On March 16, 2007, defendant Clemon Jones was
convicted, following a jury trial, of criminal possession of a
forged instrument in the second degree (Penal Law § 170.25 [two
counts]).  On April 6, 2007, the People applied to County Court
to have defendant adjudicated a persistent felony offender,
pursuant to Penal Law § 70.10.  Subdivision (1) of this provision

                              - 1 -

defines a "persistent felony offender" as

> "(a) . . . a person, other than a persistent violent felony offender . . . , who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision.
>
> (b) A previous felony within the meaning of paragraph (a) of this subdivision is a conviction of a felony in this state, or of <u>a crime in any other jurisdiction</u>, provided:
>
> (i) that a sentence to a term of imprisonment in excess of one year, . . . was imposed therefor; and
>
> (ii) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; . . .
>
> (c) For the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction (emphasis added)."

In support of their application to County Court, the People relied on three sets of defendant's prior felony convictions. First, on March 14, 1991, defendant was convicted in the Federal District Court for the Middle District of Florida of two federal felonies -- making a false statement on a Bureau of Alcohol, Tobacco and Firearms form (18 USC § 924 [a]), and being a convicted felon possessing a firearm (<u>id.</u> § 922 [g]). Neither federal crime has a New York counterpart. Second, on January 3, 1994, defendant was convicted in New York of the felony of attempted criminal possession of a controlled substance

in the fifth degree (Penal Law §§ 110; 220.06).  And third, on
March 17, 1995, defendant was convicted in New York of three more
felonies: second-degree criminal sale of a controlled substance
(id. § 220.41) and third-degree criminal possession of a
controlled substance (id. § 220.16 [two counts]).

After two days of hearings in July 2007, County Court
issued a decision and order on September 4, 2007, finding that
defendant was a persistent felony offender and concluding that a
recidivist sentence was warranted by virtue of his "history and
character . . . and the nature and circumstances of his criminal
conduct" (see id. § 70.10 [2]; see also CPL 400.20 [9]).  As
relevant to his finding that defendant had previously been
convicted of the "two or more" felonies required to qualify as a
persistent felony offender (Penal Law § 70.10 [1] [a]), the judge
observed that although defendant correctly contended that

> "the [1994 and 1995] state court convictions
> at issue may only be counted as one pursuant
> to Penal Law § 70.10 (1) (c) (since defendant
> was not imprisoned for the first crime[s]
> until after he had committed the second), the
> earlier federal convictions stand separate
> and apart from the state convictions and are
> unaffected by this statutory provision."

County Court sentenced defendant to two concurrent
indeterminate terms of incarceration of 15 years to life for his
forgery crimes.  On February 14, 2014, the Appellate Division
unanimously affirmed the judgment of conviction and sentence (114
AD3d 1239 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]).

Meanwhile, prior to the disposition of his direct

appeal, defendant moved pro se in July 2009 for an order pursuant to CPL 440.20 to set aside his sentence as "unconstitutional, unauthorized, illegally imposed and invalid as a matter of law since the two felony convictions . . . relied upon . . . do not have equivalent elements to crimes under New York State Law." Defendant contended that County Court impermissibly "determine[d] that [he] was a persistent felony offender instead of a second felony offender and sentenced him accordingly in violation of his due process rights."

County Court denied defendant's CPL 440.20 motion by order dated August 26, 2009; on November 30, 2009, a Justice of the Appellate Division granted defendant permission to appeal to that court; and in September 2013, the Appellate Division unanimously affirmed County Court's order (109 AD3d 1108 [4th Dept 2013]). The court noted that defendant "primarily relie[d] upon cases interpreting the second felony offender statute [Penal Law § 70.06]," which -- unlike Penal Law § 70.10 -- specifies that a predicate conviction "'must have been in [New York] of a felony, <u>or in any other jurisdiction of an offense for which a</u> <u>sentence to a term of imprisonment in excess of one year . . .</u> <u>was authorized and is authorized in [New York] irrespective of</u> <u>whether such sentence was imposed</u>'" (<u>id.</u> at 1110, quoting Penal Law § 70.06 [1] [b] [i] [emphasis added]). By contrast, the persistent felony offender statute "contains no language requiring that the underlying out-of-state conviction be for a

crime that would constitute a felony in New York" (id.).

The Appellate Division also pointed out that "the legislative history of the persistent felony offender statute reflects that the drafters specifically considered and rejected the contention advanced by defendant" (id. at 1111, citing Griffin v Mann, 156 F3d 288, 291 [2d Cir 1998]).  Additionally, the court declined to follow Third Department cases relied upon by defendant, noting that they "trac[ed] back" to People v Morton (48 AD2d 58 [3d Dept 1975]), which was "effectively overruled" by us in People v Parker (41 NY2d 21 [1976]) (109 AD3d at 1111, 1112).  A Judge of this Court granted defendant leave to appeal (22 NY3d 1157 [2014]), and we now affirm.

New York's persistent felony offender statute, by its plain terms, does not require that, in order to classify someone as a persistent felony offender, an out-of-state predicate felony must have a New York counterpart.  Section 70.10's silence with regard to New York equivalency is dispositive.  As the Second Circuit explained in Griffin, when holding that section 70.10 was rational as applied to the defendant in that case,

> "[s]ection 70.10 (1) (b) does not distinguish
> among felony convictions that arise under
> federal, New York State, or out-of-state law.
> Thus, if the acts constitute a felony under
> federal or another state's law, they will be
> deemed a felony for purposes of persistent
> offender status under [s]ection 70.10 even if
> there is no counterpart felony in New York
> law" (Griffin, 156 F3d at 290 [emphasis
> added]; see also People v Ortiz, 283 AD2d
> 256, 256 [1st Dept 2001], lv denied 96 NY2d
> 922 [2001]).

Further, section 70.10's legislative history shows that the New York equivalency test, as construed in <u>People v Olah</u> (300 NY 96 [1949]), was "explicitly considered and rejected at the time of [section 70.10's] enactment" (<u>Griffin</u>, 156 F3d at 291; <u>see also</u> 109 AD3d at 1111, quoting Staff Notes of Temp St Commn on Rev of Penal Law and Crim Code, 1964 Proposed NY Penal Law [Study Bill, 1964 Senate Intro 3918, Assembly Intro 5376] § 30.10 at 285).  Accordingly, like the Appellate Division, we refuse to adopt defendant's proposed construction of Penal Law § 70.10.

Finally, defendant's facial constitutional challenge to Penal Law § 70.10 is unpreserved, and his as-applied constitutional challenge lacks merit.  Accordingly, the order of the Appellate Division should be affirmed.

* * * * * * * * * * * * * * * * *

Order affirmed.  Opinion by Judge Read.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam and Stein concur.  Judge Fahey took no part.

Decided March 26, 2015