██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MINGO, Appellant. [35 NYS3d 80]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about August 4, 2008, which summarily denied defendant's CPL 440.10 motion to vacate a judgment rendered February 14, 2005, unanimously affirmed.

The court correctly denied defendant's CPL 440.10 motion alleging ineffective assistance of counsel. We find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Regardless of whether trial counsel actually viewed the entirety of a surveillance videotape from which several still photographs were received at trial, and regardless of whether counsel reasonably should have done so, defendant cannot satisfy the state or federal prejudice requirements, because the videotape is simply not exculpatory or helpful to the defense in any way. We have examined the tape, and we find that the only relevant portions are the photographs that were introduced at trial. Accordingly, a remand for an evidentiary hearing would serve no useful purpose.

Although "the court's statement that it denied defendant's motion 'for the reasons set forth in the People's response' was insufficient to satisfy the requirements of CPL 440.30 (7)[,] . . . the record is sufficient to enable us to intelligently review the order denying defendant's motion" (*People v Jones*, 109 AD3d 1108, 1109 [4th Dept 2013], *affd* 25 NY3d 57 [2015]). Therefore, a remand for more specific findings of fact and conclusions of law is likewise unwarranted. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.