People v Lewis (2022 NY Slip Op 05442)

People v Lewis

2022 NY Slip Op 05442

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, AND WINSLOW, JJ.

672 KA 14-01649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT C. LEWIS, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Steuben County Court (Peter C. Bradstreet, J.), dated March 17, 2014. The appeal was held by this Court by order entered October 5, 2018, decision was reserved and the matter was remitted to Steuben County Court for further proceedings (165 AD3d 1600 [4th Dept 2018]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order insofar as it failed to grant that part of his pro se motion seeking DNA testing pursuant to CPL 440.30 (1-a) of a rape kit and the victim's shirt and pants that were secured in connection with his conviction of rape in the first degree (Penal Law § 130.35 [2]). We previously held the case, reserved decision, and remitted the matter to County Court for a ruling on that part of defendant's motion (People v Lewis, 165 AD3d 1600, 1600 [4th Dept 2018]). Upon remittal, the court denied that part of the motion. We affirm.
Initially, even assuming, arguendo, that defendant correctly contends that the court failed to comply with CPL 440.30 (7), we conclude that the record is sufficient to enable us to make our own findings of fact and conclusions of law, thus rendering a further remittal unnecessary (see People v Jones, 109 AD3d 1108, 1108-1109 [4th Dept 2013], affd 25 NY3d 57 [2015]; People v Krivak, 186 AD3d 1712, 1715 [2d Dept 2020], lv denied 36 NY3d 974 [2020]; People v Mingo, 141 AD3d 423, 423 [1st Dept 2016], lv denied 28 NY3d 1029 [2016]). Furthermore, contrary to defendant's contention, the court properly denied that part of the motion seeking DNA testing of the rape kit, shirt, and pants " 'because defendant failed to establish that there was a reasonable probability that, had those items been tested and the results been admitted at trial, the verdict would have been more favorable to defendant' " (People v Swift, 108 AD3d 1060, 1061 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]; see People v Comfort, 165 AD3d 1608, 1609 [4th Dept 2018], lv denied 32 NY3d 1110 [2018]; People v Burr, 17 AD3d 1131, 1131-1132 [4th Dept 2005], lv denied 5 NY3d 760 [2005], reconsideration denied 5 NY3d 804 [2005]).
There was no issue of identification here inasmuch as the victim and defendant knew each other. The victim testified that, after an evening of heavy drinking, she fell asleep and was awakened when she felt defendant having sexual intercourse with her. Defendant admitted in his third statement to the police that he started having sexual intercourse with the victim, but then she pushed away from him. The only issue for the jury to resolve was whether the rape occurred as testified to by the victim and admitted by defendant in his third statement to the police, or whether there was no sexual contact at all as testified to by defendant at trial, and the jury resolved that issue against defendant. With respect to the victim's shirt and pants, there was no evidence that they would contain defendant's DNA because the victim testified that she was not wearing those items of clothing on the night of the incident. With respect to the rape kit, even if [*2]DNA testing showed that defendant's DNA was not present, it would not have resulted in a favorable verdict to defendant because the absence of defendant's DNA was not proof that sexual intercourse did not occur. Thus, the victim's testimony would not have been impeached or controverted by evidence that defendant's DNA was not present in the rape kit (see generally People v Sposito, 140 AD3d 1308, 1311 [3d Dept 2016], affd 30 NY3d 1110 [2018]; People v Letizia, 141 AD3d 1129, 1130 [4th Dept 2016], lv denied 28 NY3d 1073 [2016], reconsideration denied 28 NY3d 1186 [2017]; Swift, 108 AD3d at 1061-1062).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court