■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HALL, Appellant. [813 NYS2d 220]—Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Cotter, J.), dated October 5, 2004, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered September 29, 1995, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The County Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction, which was previously affirmed by this Court (*see People v Hall,* 242 AD2d 734 [1997]), on the ground that his prior attorneys provided him with ineffective assistance of counsel. The defendant's contention that his prior attorneys should have moved to dismiss the indictment because he did not receive a speedy trial could have been raised on direct appeal from the judgment and, accordingly, the County Court was required to deny that branch of the motion (*see* CPL 440.10 [2]; *People v Mower,* 97 NY2d 239 [2002]; *People v Cooks,* 67 NY2d 100 [1986]; *People v Williams,* 5 AD3d 407 [2004]). Similarly, the defendant's contention that one of his former attorneys had a conflict of interest could have, with due diligence, been raised on direct appeal (*see* CPL 440.10 [3] [a]; *People v Williams,* 190 AD2d 590 [1993]; *People v Donovon,* 107 AD2d 433 [1985]). In

any event, the defendant only speculated that his prior counsel's conflict of interest affected his defense, which is insufficient to establish ineffective assistance of counsel on this ground (*see People v Abar,* 99 NY2d 406 [2003]; *People v English,* 88 NY2d 30 [1996]; *People v Active Appliance Corp.,* 307 AD2d 932 [2003], *cert denied* 541 US 959 [2004]).

Moreover, where, as here, the court could make its determination based on the papers submitted, no hearing was necessary (*see* CPL 440.30; *People v Satterfield,* 66 NY2d 796 [1985]; *People v Fields,* 287 AD2d 577 [2001]). Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.