■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BAEZ, Appellant. [836 NYS2d 433]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 23, 2003 (*People v Baez,* 306 AD2d 493 [2003]), affirming a judgment of the Supreme Court, Richmond County, rendered February 8, 2001.

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 19, 1990, convicting him of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied the effective assistance of counsel due to the existence of an alleged conflict of interest. A defendant alleging ineffective assistance of counsel based on a conflict of interest must do more than show that the defense counsel had a potential conflict of interest. To prevail, the defendant must establish that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' counsel's representation" (*People v Longtin,* 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114 [1999], quoting *People v Alicea,* 61 NY2d 23, 31 [1983]; *see*

*People v Abar*, 99 NY2d 406, 411 [2003]; *People v Smart*, 96 NY2d 793 [2001]; *People v Hall*, 28 AD3d 678 [2006]). The defendant failed to do so.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.