■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER MASTOWSKI, Appellant. [879 NYS2d 759]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Ontario County Court (Craig J. Doran, J.), entered January 28, 2008. The order denied the motion of defendant pursuant to CPL 440.10 seeking to vacate the judgment convicting him of assault in the first degree.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: On appeal from an order denying his motion

pursuant to CPL 440.10 seeking to vacate the judgment convicting him of assault in the first degree (Penal Law § 120.10 [3] [depraved indifference]), defendant contends that the changes in the law concerning depraved indifference effectuated by *People v Feingold* (7 NY3d 288 [2006]) render his conviction void for failure to prove every element of the charge. Even assuming, arguendo, that defendant is entitled on collateral review to the application of the objective standard of depraved indifference set forth in *Feingold*, we would nonetheless conclude that the evidence is legally sufficient to support the conviction (*see People v Jean-Baptiste*, 11 NY3d 539, 542 [2008]; *People v Jeffries*, 56 AD3d 1166, 1167 [2008], *lv denied* 12 NY3d 759 [2009]; *People v Bowman*, 48 AD3d 178, 183-186 [2007], *lv denied* 10 NY3d 808 [2008]). The further contention of defendant in support of his motion, i.e., that he did not receive effective assistance of counsel, is equally unavailing. The alleged instances of ineffective assistance either were or could have been raised on direct appeal (*see* CPL 440.10 [2] [a], [c]; *People v Vigliotti*, 24 AD3d 1216, 1216-1217 [2005]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.