■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDSON WATKINS, Appellant. [913 NYS2d 620]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered November 29, 2006. The order denied defendant's CPL article 440 motion.

It is hereby ordered that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL article 440 seeking to vacate the judgment convicting him, inter alia, of rape in the first degree (Penal Law § 130.35 [3]) and to set aside his sentence of incarceration of 25 years to life. In denying the motion, County Court properly concluded that the contention of defendant that he was denied effective assistance of counsel could have been raised on his direct appeal from the judgment of conviction (*see* CPL 440.10 [2] [c]; *People v Mastowski*, 63 AD3d 1589 [2009], *lv denied* 12 NY3d 927 [2009], *reconsideration denied* 13 NY3d 837 [2009]; *People v Hall*, 28 AD3d 678 [2006], *lv denied* 7 NY3d 867 [2006]). The court also properly concluded that the challenge by defendant to the finding that he is a persistent felony offender was previously determined on the merits in the context of his direct appeal (*People v Watkins*, 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]), and we note that there has been no "retroactively effective change in the law controlling such issue" (CPL 440.10 [2] [a]). Contrary to the contentions of defendant in his pro se supplemental brief, the court was required to deny the motion summarily (*see* CPL 440.30 [2]; *Hall*, 28 AD3d at 679), and the court properly "set forth on the record

its findings of fact, its conclusions of law and the reasons for its determination" (CPL 440.30 [7]). Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.