■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VITALY IVANITSKY, Appellant. [916 NYS2d 837]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 31, 2008, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence is without merit (*see* CPL 60.22 [1]; *People v Breland*, 83 NY2d 286, 292 [1994]; *People v Goodson*, 35 AD3d 760, 761 [2006]). The Criminal Procedure Law requires only that the corroborative evidence "tend[s] to connect" the defendant with the commission of the relevant offense (CPL 60.22 [1]). Under that standard, "[a]ll that is necessary is to connect the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" (*People v Daniels*, 37 NY2d 624, 630 [1975]). That standard was met in

this case. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant contends that he was deprived of the effective assistance of counsel at trial. However, to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that defense counsel rendered effective assistance (see People v Baldi, 54 NY2d 137 [1981]; People v Myers, 220 AD2d 461 [1995]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (see People v Myers, 220 AD2d 461 [1995]).

The defendant's contention in point one of his brief alleging the improper admission of prior uncharged crime and bad act evidence is without merit. The defendant's contention in point four of his brief alleging that his right to present a defense was violated is unpreserved for appellate review and, in any event, is without merit. The defendant's contention in point five of his brief that the prosecution suppressed exculpatory evidence is dehors the record on appeal. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.