██ The People of the State of New York, Respondent, v Albert Santana, Appellant. [956 NYS2d 751]—

Memorandum: Defendant appeals from an order denying his CPL 440.10 motion to vacate the judgment of conviction after trial. Defendant moved to vacate the judgment on the ground that he was denied effective assistance of counsel because, inter alia, defense counsel did not properly advise defendant with respect to a plea offer. Although we agree with the People that "the motion papers 'do not contain sworn allegations substantiating or tending to substantiate' defendant's claims of ineffective assistance of counsel" (*People v Vigliotti*, 24 AD3d 1216, 1216 [2005]; *cf. People v Frazier*, 87 AD3d 1350, 1351 [2011]; *People v Howard*, 12 AD3d 1127, 1128 [2004]; *see generally People v Vaughan*, 20 AD3d 940, 942 [2005], *lv denied* 5 NY3d 857 [2005]), County Court did not decide that issue adversely to defendant, and thus we decline to affirm the order on that ground (*see generally People v Concepcion*, 17 NY3d 192, 197-198 [2011]).

We conclude, however, that the court properly denied the motion without a hearing on the ground that the allegations in support of the motion are made solely by defendant, that those allegations are unsupported by other evidence and that, under all the circumstances, there is no reasonable possibility that

such allegations are true (*see* CPL 440.30 [4] [d]). "Considering all of the circumstances, including that defendant's motion was decided by a judge who, having presided over defendant's trial, was familiar with the facts . . . , we cannot conclude that [the] [c]ourt abused its discretion in denying the motion without a hearing" (*People v Hoffler*, 74 AD3d 1632, 1635 [2010], *lv denied* 17 NY3d 859 [2011]; *see People v Smiley*, 67 AD3d 713, 714 [2009], *lv denied* 13 NY3d 942 [2010]; *People v DeJesus*, 39 AD3d 1196, 1197 [2007], *lv denied* 9 NY3d 874 [2007]). Present—Smith, J.P., Peradotto, Carni, Sconiers and Whalen, JJ.