# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**147**
**KA 10-00076**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DANIEL JONES, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered October 26, 2009. The order denied defendant's motion, pursuant to CPL 440.30 (1-a), for the performance of forensic DNA testing on specified evidence.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for a determination in accordance with the following Memorandum: Defendant appeals from an order denying his pro se motion pursuant to CPL 440.10 and 440.30 (1-a) seeking DNA testing on a rape kit, underwear, an "excised piece of cloth taken from the victim's underwear," swabs, slides, "hair, clothing or shaking from the victim's clothing," and a washcloth (*see generally* CPL 450.10 [5]). Preliminarily, we note that the notice of appeal incorrectly recites that defendant appeals from a judgment. As a matter of discretion in the interest of justice, however, we treat the notice of appeal as valid (*see* CPL 460.10 [6]; *People v Mitchell*, 93 AD3d 1173, 1173, *lv denied* 19 NY3d 999). The order addressed only that part of defendant's motion requesting testing on the washcloth, however, and Supreme Court's failure to rule on the other parts of defendant's motion " 'cannot be deemed a denial thereof' " (*People v Stewart*, 111 AD3d 1395, 1396; *see People v Santana*, 101 AD3d 1664, 1664, *lv denied* 20 NY3d 1103; *see generally People v Concepcion*, 17 NY3d 192, 197-198). We therefore hold the case, reserve decision and remit the matter to Supreme Court for a determination on the remainder of defendant's motion.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court