# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

865

KA 13-01530

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

TUREMAIL MCCULLOUGH, DEFENDANT-APPELLANT.

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated July 3, 2013. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order summarily denying his pro se motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), assault in the second degree (§ 120.05 [6]), and grand larceny in the third degree (§ 155.35). On appeal, defendant contends that he was deprived of effective assistance of counsel at trial. We conclude that Supreme Court properly denied the motion without a hearing.

The court properly concluded that it was required to deny the motion with respect to the majority of defendant's claims of ineffective assistance of counsel because they could have been, or were, raised on his direct appeal from the judgment of conviction (*see* CPL 440.10 [2] [a], [c]; *People v Mastowski*, 63 AD3d 1589, 1590, *lv denied* 12 NY3d 927, *reconsideration denied* 13 NY3d 837; *People v Hall*, 28 AD3d 678, 678, *lv denied* 7 NY3d 867).

Defendant's remaining claims were properly rejected on the merits without a hearing. With respect to defendant's claim that his counsel was ineffective in failing to obtain and view a video of an earlier robbery that defendant contends would establish that he was innocent of this crime, the court properly rejected that claim without a hearing because "the moving papers do not contain sworn allegations

substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]; *see People v Ozuna*, 7 NY3d 913, 915).  Defendant did not indicate that he observed that video, and thus his affidavit in support of that part of the motion is "based only on speculation and conjecture" (*People v Studstill*, 27 AD3d 833, 835, *lv denied* 6 NY3d 898).

The court also properly denied the motion without a hearing with respect to defendant's claim that counsel was ineffective in failing to introduce hearsay statements of a witness regarding the perpetrator of that earlier crime.  The statements of the witness indicated that the same person perpetrated both crimes and that defendant committed the crime on appeal, and defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged error in failing to introduce evidence tending to establish that defendant committed another crime (*People v Rivera*, 71 NY2d 705, 709).  For the same reasons, we conclude that defendant failed to establish that counsel was ineffective in stipulating to the admission of the prior testimony of that witness.  Defendant contends that counsel should have attempted to preclude the testimony, but the trial record demonstrates that counsel made effective use of the witness's description of the perpetrator in support of the misidentification defense that was pursued at trial.  It is well settled that "mere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective" (*People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852).

Finally, with respect to defendant's claim that counsel was ineffective because he did not fully explain a plea offer, the record establishes that defendant proclaimed his innocence and flatly rejected that offer.  We conclude that the court properly denied the motion without a hearing with respect to that claim "on the ground that the allegations in support of the motion are made solely by defendant, . . . those allegations are unsupported by other evidence and . . . , under all the circumstances, there is no reasonable possibility that such allegations are true" (*People v Santana*, 101 AD3d 1664, 1664-1665, *lv denied* 20 NY3d 1103; *see* CPL 440.30 [4] [d]).

We have considered defendant's remaining claims of ineffective assistance, and we conclude that they are without merit.

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court