People v Ivanitsky (2020 NY Slip Op 06286)





People v Ivanitsky


2020 NY Slip Op 06286


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-05440
 (Ind. No. 1634/06)

[*1]The People of the State of New York, respondent,
v
Vitaly Ivanitsky, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Albert Tomei, J.), dated March 26, 2014, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered January 31, 2008, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted of two counts of murder in the second degree arising from his involvement in two separate killings. The judgment of conviction was affirmed on appeal (see People v Ivanitsky, 81 AD3d 976). In 2013, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, submitting various supporting papers including, inter alia, an affidavit from a friend claiming that a prosecution witness had admitted telling untruths about the defendant at trial in order to obtain leniency with respect to certain criminal charges pending against him. The Supreme Court denied the motion without a hearing. A Justice of this Court granted the defendant leave to appeal.
CPL 440.10(1)(g) provides, in pertinent part, that a court may vacate a defendant's judgment of conviction upon the ground that "[n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant." The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion (see CPL 440.30[6]), and the court must render its determination based upon the likely cumulative effect of the new evidence had it been presented at trial (see People v Foster, 157 AD3d 901; People v Mazyck, 118 AD3d 728, 730; People v Cain, 96 AD3d 1072, 1073; People v Tankleff, 49 AD3d 160, 178-181).
Here, we agree with the Supreme Court's determination that the defendant failed to meet his burden. Given the highly questionable reliability of the proffered evidence, its tangential relevance to the crimes of which the defendant was convicted, and the strength of the other evidence [*2]presented by the prosecution at trial, there was no reasonable probability that the verdict would have been more favorable to the defendant had the proffered newly discovered evidence been introduced at trial (see CPL 440.10[1][g]), and a hearing on the motion was not warranted (see People v Hall, 28 AD3d 678, 679; People v Fields, 287 AD2d 577, 578; People v Rodriguez, 201 AD2d 683).
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion without a hearing.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court