■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY SMITH, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., at hearing; Bernard H. Jackson, J., at trial), rendered October 31, 1990, convicting defendant after a jury trial of unlawful possession of marijuana and sentencing her to an unconditional discharge, unanimously affirmed.

The hearing court properly denied suppression of the marijuana found in defendant's possession, since the record clearly supports the conclusion that the officer possessed reasonable suspicion that defendant had committed a crime, which entitled him to forcibly stop and detain defendant. Moreover, although the officer did grab defendant's wrist and physically detain her to verify that she had drugs in her hand, not every seizure constitutes an arrest *(People v Hicks,* 68 NY2d 234, 239). In the circumstances presented here, the officer's conduct was not tantamount to an arrest.

While we have held that it is improper to argue that a trial is a " 'search for the truth' " *(People v Jackson,* 174 AD2d 552, 554), this one unobjected-to comment in the prosecutor's summation does not constitute reversible error. Nor was it error for the court to direct a court officer to inform the jury to cease their deliberations because they were going to be sequestered for the night, since it is within a court officer's duties to so advise the jury, and his discharge of this function did not deprive defendant of her right to be present at every material stage of her trial *(People v Bonaparte,* 78 NY2d 26). There is no basis in the record to remand for a hearing to determine precisely what the court officer said to the jury.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.