■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HETHERINGTON, Appellant. [645 NYS2d 679] —Judgment unanimously affirmed. Memorandum: Defendant was charged with intentional murder in the second degree (Penal Law § 125.25 [1]) and depraved indifference murder in the second degree (Penal Law § 125.25 [2]) for killing his estranged wife by shooting her in the back with a shotgun in the parking lot of a restaurant. At trial, defendant conceded that he shot and killed his wife, but raised the affirmative defense that he acted under the influence of extreme emotional disturbance (*see,* Penal Law § 125.25 [1] [a]) brought on by marital problems. A psychiatrist testified for the defense that defendant was acting under extreme emotional disturbance at the time of the shooting; the psychiatrist called by the People disagreed. County Court instructed the jury on the applicable law, including the affirmative defense of extreme emotional disturbance. Defendant was convicted of intentional murder in the second degree.

At oral argument of this appeal, defendant conceded that the court properly instructed the jury that it could consider the assertion by a defense witness of her privilege against self-

incrimination in assessing the witness's credibility (*see, People v Siegel*, 87 NY2d 536, 543-545).

Defendant contends that the prosecutor misstated the law with respect to the defense of extreme emotional disturbance, both during his questioning of the People's expert witness and also during summation, by stating that defendant must prove that there was a reasonable explanation or excuse for his actions, instead of a reasonable explanation or excuse for the extreme emotional disturbance (*see, People v White*, 79 NY2d 900, 903). Although it is improper for the prosecutor to misstate the law on summation (*see, People v Butler*, 185 AD2d 141, 144; *People v Pauli*, 130 AD2d 389, 391-393, *appeal dismissed* 70 NY2d 911), the court sustained defendant's objection and gave appropriate curative instructions to the jury, advising it not to accept the law as stated by the attorneys, but rather, to accept the law as charged by the court. The court's actions were sufficient to ensure defendant a fair trial (*see, People v Barnes*, 80 NY2d 867, 868; *People v Rivera*, 199 AD2d 204, 205, *lv denied* 83 NY2d 809). (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.