■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS MARTIN, Appellant. [666 NYS2d 768] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Lamont, J.), rendered October 11, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree, criminal mischief in the third degree, criminal mischief in the fourth degree and criminal contempt in the second degree (two counts).

In January 1996, defendant's estranged paramour (hereinafter the complainant) placed a telephone call to 911 claiming that defendant was in the process of breaking into her residence. Upon arriving at the scene, the police discovered that the locks and door frames of both doors were broken, the wooden outer door had been kicked in and the glass pane on the inner door had been broken. Defendant subsequently was indicted for and convicted of, *inter alia*, one count of burglary in the second degree for which he was sentenced to an indeterminate term of imprisonment of 6 to 12 years.

On this appeal, defendant contends that County Court erred in permitting evidence of his prior uncharged criminal conduct and bad acts on the People's case-in-chief. We disagree. It is axiomatic that "where the evidence of prior, uncharged criminal conduct has a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality * * * the probative value of the evidence justifies its admission, notwithstanding the potential for incidental prejudice" (*People v Santarelli*, 49 NY2d 241, 247). Here, the evidence established that defendant had recently threatened to break the complainant's legs and kill her unless

she took him back and had made repeated attempts to obtain access to the complainant's home, resulting in his conviction for aggravated harassment. That evidence was directly probative of defendant's intent to cause physical injury to the complainant after entering her home and was therefore properly received (*see, e.g., People v Hawker*, 215 AD2d 499, *lv denied* 86 NY2d 736; *People v Roides*, 124 AD2d 967, *lv denied* 69 NY2d 886; *see also*, Penal Law § 140.25 [2]). Moreover, the potential prejudice to defendant by the receipt of such evidence was mitigated by County Court's appropriate instructions to the jury that it was to consider such testimony for the limited purpose of determining defendant's motive and intent (*see, People v Carver*, 183 AD2d 907). We have considered defendant's contentions contained in his *pro se* brief and find them to be without merit or unpreserved for our review.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.