■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VANDENBURG, Appellant. [681 NYS2d 359] —Carpinello, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered July 3, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree, grand larceny in the third degree and escape in the

second degree, and (2) by permission, from an order of said court, entered November 11, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

At approximately 5:00 A.M. on May 18, 1995, defendant and three accomplices drove to a metal yard in the Village of Altamont, Albany County, intending to steal metal which they planned to sell to buy crack cocaine. The yard's owner, however, was on the premises when they arrived and told them to return during normal business hours. He then contacted the State Police and provided them with the license plate number of the vehicle. After leaving the yard, the four men stopped a short distance down the road, broke into an unoccupied house and stole several items, including a television, VCR, binoculars, two hunting knives, several rifles, a shotgun and coins.

Indicted on one count each of burglary in the second degree, grand larceny in the third degree and escape in the second degree,* defendant was convicted as charged after a jury trial and sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years on the burglary count and 3½ to 7 years on the grand larceny count. On the escape count, defendant was sentenced to 2 to 4 years in prison to run consecutively to the burglary sentence. Defendant appeals this conviction, as well as the denial of a posttrial motion to vacate the conviction pursuant to CPL 440.10.

Initially, defendant contends that the evidence at trial was legally insufficient to support his grand larceny conviction (*see*, Penal Law § 155.35). Specifically, he argues that the People failed to establish that he stole property with a value of more than $3,000. By statute, value is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]). It is well settled that "a victim must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient" (*People v Lopez*, 79 NY2d 402, 404). Conclusory statements and rough estimates are not sufficient (*see, People v Gonzalez*, 221 AD2d 203, 204; *see also, People v Watkins*, 233 AD2d 904, 905). Moreover, "evidence of the original purchase price, without more, will not satisfy the People's burden" (*People v Gonzalez, supra*, at 204; *see, People v James*, 111 AD2d 254, *affd* 67 NY2d 662). Instead, "[t]he market value of property stolen from a consumer is the

---

* The escape charge stems from defendant's brief escape from custody after being arrested and transported to the State Police barracks.

price of the item reduced for any depreciation or change in its condition which affected its value at the time of the crime" (*People v Medjdoubi*, 173 Misc 2d 259, 261; *see, e.g., People v Alicea*, 25 NY2d 685; *People v Harold*, 22 NY2d 443).

While the victim testified as to the original purchase price and age of some of the items stolen from his home, he gave no substantive testimony as to the condition of these items at the time of the crime so that the jury could " 'reasonably infer, rather than merely speculate' that the value of the stolen [goods] exceeded the statutory threshold" (*People v Jackson*, 194 AD2d 691, 692; *see, People v Bernard*, 123 AD2d 324, *lv denied* 69 NY2d 708; *People v Jones*, 111 AD2d 264, 265; *People v James, supra*, at 256; *see also, People v Gonzalez, supra*, at 205; *People v Appedu*, 111 AD2d 761; *People v Cahill*, 83 AD2d 589, 590). Accordingly, we exercise our power pursuant to CPL 470.15 (2) (a) and reduce the grand larceny conviction to petit larceny and remit the matter to County Court for resentencing (*see, People v Jones, supra*, at 265).

Next, we reject defendant's contention that he was deprived of a fair trial due to improper references to prior uncharged crimes. Even if defendant had objected to the majority of the challenged references, which he did not, we would nonetheless conclude that reversal is not required. Evidence of uncharged criminal conduct or other bad acts is admissible where such evidence has a bearing upon a material aspect of the People's case other than a defendant's general propensity for committing the crime and where the probative value of such evidence outweighs any potential prejudice (*see, e.g., People v Martin*, 245 AD2d 833, 833-834, *lv denied* 92 NY2d 856). The aborted burglary attempt at the metal yard was admissible to provide the jury with a timeline of events, as well as an explanation for defendant's subsequent apprehension (*see, People v Skinner*, 220 AD2d 806, 807, *lv denied* 87 NY2d 1025; *People v Smith*, 215 AD2d 940, *lv denied* 86 NY2d 802). Furthermore, evidence regarding defendant's drug use, to which he himself admitted, explained his motive for committing the crimes (*see, People v Alvino*, 71 NY2d 233, 242).

None of the remaining arguments raised by defendant with respect to his direct appeal, to the extent that they are even preserved for appellate review, warrant reversal of his convictions. We reject defendant's contentions that his counsel was ineffective (*see, People v Pray*, 199 AD2d 646, *lv denied* 83 NY2d 809), that he was prevented from being present at sidebars (*see, People v Augustine*, 235 AD2d 915, 919, *appeal dismissed* 89 NY2d 1072, *lv denied* 89 NY2d 1088) and that his

sentence was harsh and excessive (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805). Furthermore, by failing to challenge the underlying felony conviction at sentencing, defendant has waived any challenge to being sentenced as a second felony offender (*see, People v Crippa*, 245 AD2d 811, *lv denied* 92 NY2d 850). In any event, even if the issue was properly preserved, the prior conviction was properly utilized (*see,* Penal Law § 70.06 [1] [b] [iv]).

Finally, with respect to defendant's appeal from the order denying his CPL 440.10 motion, we have examined his argument that certain affidavits were improperly submitted to the Grand Jury in violation of CPL 190.30 (3) and find it to be without merit.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reducing defendant's conviction of the crime of grand larceny in the third degree to the crime of petit larceny; matter remitted to the County Court of Albany County for resentencing on that count only; and, as so modified, affirmed. Ordered that the order is affirmed.

