Rose, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered October 5, 2007, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.
Defendant was found guilty of grand larceny in the fourth degree as a result of a theft of jewelry and other items. County Court sentenced him, as a second felony offender, to 2 to 4 years in prison and imposed a $3,000 fine. On his appeal, defendant argues that the People failed to establish the value of the stolen property. We must agree.
Although this issue of value was not properly preserved at trial because his counsel made only a general motion to dismiss (see People v Finger, 95 NY2d 894, 895 [2000]), defendant asks us to consider it in reviewing the weight of the evidence. Because preservation rules do not apply to such a review (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Echavarria, 53 AD3d 859, 861 [2008]), we will consider the evidence ad *1047 duced as to each of the elements of the crime (see People v Danielson, 9 NY3d at 349). To that end, grand larceny in the fourth degree requires that the value of the stolen property exceed $1,000 (see Penal Law § 155.30 [1]). This value element is defined as the “market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime” (Penal Law § 155.20 [1]; see People v Sheehy, 274 AD2d 844, 845 [2000], lv denied 95 NY2d 938 [2000]). Significantly, before the testimony of a witness will satisfy this element, it must include a basis of knowledge for the witness’s statement of value (see People v Lopez, 79 NY2d 402, 404 [1992]). Conclusory statements and rough estimates of value are not sufficient (see People v Gonzalez, 221 AD2d 203, 204 [1995]).
Here, the only evidence as to value was a single statement by the victim that the items were worth “approximately $3,600.” There is nothing further in the record showing whether he was familiar with valuing the stolen items and whether the value stated was based upon original purchase price, current market value, cost of replacement or some other basis. Also, a single value was stated for all items with no review of the description or worth of any individual item. As a result, the jury could not “reasonably infer, rather than merely speculate that the value of the stolen [items] exceeded the statutory threshold” (People v Vandenburg, 254 AD2d 532, 534 [1998], lv denied 93 NY2d 858 [1999] [internal quotation marks and citations omitted]; see People v Burt, 270 AD2d 516, 517 [2000]). Accordingly, the verdict was against the weight of the evidence. We therefore modify the conviction by reducing it to the lesser included offense of petit larceny and remit the matter to County Court for resentencing (see People v Vandenburg, 254 AD2d at 534; People v Jones, 111 AD2d 264, 265 [1985]).
We reject defendant’s contention that the jury rendered an inconsistent verdict (see People v Schmid, 124 AD2d 896, 897 [1986], lv denied 69 NY2d 955 [1987]), and his additional contention that the fine imposed was harsh and excessive is now academic in light of our remittal for resentencing.
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the facts, by reducing defendant’s conviction of grand larceny in the fourth degree to petit larceny and vacating the sentence imposed thereon; matter remitted to the County Court of Washington County for resentencing; and, as so modified, affirmed.