# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1326**
**KA 10-02447**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHIAL E. FOSTER, DEFENDANT-APPELLANT.

---

LAWRENCE BROWN, BRIDGEPORT, FOR DEFENDANT-APPELLANT.

MICHIAL E. FOSTER, DEFENDANT-APPELLANT PRO SE.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Walter W. Hafner, Jr., A.J.), rendered November 19, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]), arising from the murder of the mother of his children on May 29, 1996. The remains of the victim's body were not located for more than 11 years, when they were observed by a passerby in a wooded area. Defendant was thereafter convicted of the murder and, on defendant's appeal from that judgment, we reversed the judgment, suppressed certain statements made to a jailhouse informant, and granted a new trial (*People v Foster*, 72 AD3d 1652, *lv dismissed* 15 NY3d 750).

We reject defendant's contention in his main and pro se supplemental briefs that the verdict from the second trial is against the weight of the evidence. Defendant contends that evidence that the victim was at the hospital at 11:20 a.m. to feed her son, who was born prematurely, and testimony from the victim's sister and brother-in-law that they stopped at the victim's house at approximately 11:30 a.m., where they spoke to defendant, establishes that it was "impossible" for him to have killed the victim in the time frame alleged by the prosecution. The witnesses further testified, however, that they were unsure of the time of their arrival at the victim's house, but that they stopped "around lunchtime" following a medical appointment. When they arrived, they found the 3½-year-old daughter of defendant and the

victim (daughter) in defendant's van, where she was crying. When they entered the house, they observed that defendant was "sweating profusely" and "breathing heavily." The daughter, who was 17 years old at the time of the second trial, testified that she had observed defendant on top of her mother on the bed; that her mother stopped moving; that defendant rolled her mother in a colorful blanket; and that defendant placed the daughter in the van. The daughter testified that the victim's body, which defendant told her was "just a bunch of trash," was in the back of the van and that defendant drove to a wooded area. He took the daughter out of the car, carried the victim over his shoulder, and left the victim near water and cattails. A jailhouse informant testified that defendant told him that the best way to dispose of a body was to wrap it in a blanket and bury it in a shallow grave in a marshy area. Viewing that evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that an acquittal would have been unreasonable, and thus that the verdict is not against the weight of the evidence (*see id.* at 348; *People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention in his main and pro se supplemental briefs, he was not deprived of effective assistance of counsel. With respect to defense counsel's alleged failure to cross-examine the daughter about discrepancies in her testimony in the first and second trials, defendant failed to establish the "absence of a strategic or other legitimate explanation for defense counsel's alleged shortcomings" (*People v Smith*, 93 AD3d 1345, 1346, *lv denied* 19 NY3d 967). The other challenges raised by defendant concerning defense counsel's representation also are without merit, and thus we conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that none requires reversal or modification.

By failing to object to remarks by the prosecutor on summation to defendant's use of a blanket to wrap the victim's body, defendant failed to preserve for our review his contention in his main brief that he was deprived of a fair trial by prosecutorial misconduct arising from those remarks (*see People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967). In any event, the remarks of the prosecutor were fair comment on the evidence (*see People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975). Although there was no blanket found with the remains of the victim's body, there were fibers in that location that were consistent with a woven material; the daughter testified that defendant had wrapped her mother in a colorful blanket; another witness testified that a colorful blanket owned by the victim was missing from the victim's home; and the jailhouse informant testified that defendant told him that a body should be wrapped in a blanket and disposed of in a shallow grave.

We reject defendant's further contention in his main brief that County Court erred in admitting "implied hearsay," i.e., testimony of various witnesses concerning the events surrounding statements made by the daughter regarding her mother's disappearance, in the absence of testimony concerning the statements themselves. We note that, at

defendant's first trial, statements made by the daughter regarding her mother's disappearance were admitted as excited utterances, while at the second trial, over which a different judge presided, the statements were held to be inadmissible. Where, as here, the court did not abuse its discretion with respect to that evidentiary ruling at the second trial, it will not be disturbed (*see generally People v Carroll*, 95 NY2d 375, 385). We also reject defendant's contention in his main brief that the court abused its discretion in denying his motion for a mistrial when a witness testified regarding a hearsay statement made by the victim. "The court's prompt curative instruction minimized any prejudice caused by the improper testimony" (*People v Roman*, 17 AD3d 1166, 1166, *lv denied* 5 NY3d 768).

Finally, we reject defendant's contention in his main brief that the grand jury proceedings were rendered defective because evidence presented to the grand jury was later suppressed or determined not to be admissible. To the extent that defendant's contention addresses statements that he made to the jailhouse informant that were subsequently suppressed, we conclude that the suppression "simply diminish[ed] the quantum of proof against defendant but [did] not negate any elements of the charged crime[]" (*People v Gordon*, 88 NY2d 92, 96; *see People v Swamp*, 84 NY2d 725, 732). Defendant failed to preserve for our review his further contention that the indictment was based upon incompetent evidence consisting of statements made by defendant's daughter that were not admitted at the second trial but were admitted at the first trial (*see* CPL 470.05 [2]). In any event, that contention is without merit. We conclude that the statements were properly admitted at the first trial as an exception to the hearsay rule, and thus they do not constitute "inherently incompetent evidence" (*Swamp*, 84 NY2d at 732), despite the subsequent determination that the statements were not admissible at the second trial. Furthermore, the People adequately instructed the grand jury that statements made by the daughter were being admitted based upon an exception to the hearsay rule (*see People v Perry*, 199 AD2d 889, 893, *lv denied* 83 NY2d 856).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court