# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

758
KA 12-00533
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ORVIS WARD, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO, FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered June 28, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the second degree, criminal sexual act in the second degree, sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the second degree (Penal Law § 130.30 [1]), criminal sexual act in the second degree (§ 130.45 [1]), sexual abuse in the first degree (§ 130.65 [2]), sexual abuse in the second degree (§ 130.60 [2]), and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that County Court erred in denying his motion to preclude the People from presenting his statement to the police in evidence at trial because it constituted prior bad act evidence offered solely to establish his propensity to commit sexual crimes. We reject that contention. "In a criminal prosecution, any act or declaration of the accused inconsistent with innocence is admissible as an admission" (Prince, Richardson on Evidence § 8-204 [Farrell 11th ed]; *see People v Jackson*, 29 AD3d 409, 411-412, *affd* 8 NY3d 869; *People v Caban*, 5 NY3d 143, 151 n; *People v Howard*, 101 AD3d 1749, 1751). Here, defendant's statement was properly admitted in evidence because it contained admissions concerning the crimes charged in the indictment (*see Jackson*, 29 AD3d at 411-412; *People v Knox*, 232 AD2d 811, 812, *lv denied* 89 NY2d 943; *People v Ragin*, 224 AD2d 642, 642, *lv denied* 88 NY2d 883). We reject the further contention of defendant that the admission of his statement in evidence rendered the second, fourth, and seventh counts of the indictment duplicitous (*see People v Ramirez*, 99 AD3d 1241, 1242, *lv denied* 20 NY3d 988; *People v Casado*, 99 AD3d 1208, 1210, *lv denied* 20 NY3d 985).

We conclude that, contrary to the contention of defendant, the court did not abuse its discretion in denying his motion for a mistrial based upon the misconduct of two prosecution witnesses (*see People v Ortiz*, 54 NY2d 288, 292; *People v Robinson*, 309 AD2d 1228, 1229, *lv denied* 1 NY3d 579).  Upon the motion of a defendant, the court "must declare a mistrial and order a new trial of the indictment . . . when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him [or her] of a fair trial" (CPL 280.10 [1]).  Here, the record establishes that defendant was neither prejudiced nor deprived of a fair trial by the misconduct of the witnesses (*see People v Donald*, 6 AD3d 1177, 1177, *lv denied* 3 NY3d 639; *see generally* CPL 280.10 [1]; *Ortiz*, 54 NY2d at 292; *Robinson*, 309 AD2d at 1229).  Defendant failed to preserve for our review his contention with respect to the court's curative instruction concerning the misconduct of the witnesses or his contention that the court should have permitted defense counsel to elicit hearsay testimony from a witness on the subject of the misconduct, and we decline to exercise our power to reach those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant likewise failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during summation inasmuch as he failed to object to the two challenged comments (*see People v Madera*, 103 AD3d 1197, 1199; *People v Foster*, 101 AD3d 1668, 1670, *lv denied* 20 NY3d 1098; *People v Wright*, 85 AD3d 1642, 1643, *lv denied* 17 NY3d 863).  In any event, the prosecutor's characterization of defendant's statement was a fair response to defense counsel's summation and/or a fair comment on the evidence (*see People v Goupil*, 104 AD3d 1215, 1216*).  Although the prosecutor's characterization of the trial as a "search for the truth" was indeed improper (*see People v Maye*, 206 AD2d 846, 846; *People v Smith*, 184 AD2d 326, 326, *lv denied* 80 NY2d 910), we conclude that the prosecutor's "single improper comment was not so egregious that defendant was thereby deprived of a fair trial" (*People v Willson*, 272 AD2d 959, 960, *lv denied* 95 NY2d 873; *see Smith*, 184 AD2d at 326).  Nor can it be said that defendant received ineffective assistance of counsel due to the failure of defense counsel to object to that single improper remark (*see People v Wiley*, 104 AD3d 1314, 1314; *People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968).  Rather, defense counsel provided defendant with meaningful representation throughout the proceedings (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, the sentence is not unduly harsh or severe, particularly in light of the severity of the crimes and their impact on the victim.

Entered:  June 14, 2013                    Frances E. Cafarell
                                           Clerk of the Court