# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

942

KA 11-01834

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD MORGAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 20, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the third degree, criminal possession of a forged instrument in the second degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice, a new trial is granted on counts one and three of the indictment, and counts two and four of the indictment are dismissed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (former § 155.35), criminal possession of a forged instrument in the second degree (§ 170.25), and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant was convicted upon a retrial after we reversed the first judgment of conviction based on a *Batson* violation (*People v Morgan*, 75 AD3d 1050, 1051-1053, *lv denied* 15 NY3d 894). Although on the prior appeal we did not need to address on the merits defendant's contention that he was deprived of a fair trial by prosecutorial misconduct inasmuch as we granted a new trial on *Batson* grounds, we nevertheless "note[d] our strong disapproval of the misconduct of the prosecutor on summation in improperly shifting the burden of proof onto defendant and in improperly vouching for the credibility of the People's witnesses" (*id.* at 1053). We noted that, "[a]mong other objectionable remarks, the prosecutor stated on summation that '[t]he only way that you can find the defendant not guilty of burglary is if you believe that he falsely admitted to a crime that he didn't commit[,]' " and that, " ' to believe what

[defendant] want[s] you to believe, you have to conclude that [two police detectives] are liars.  Two police officers with forty years of experience between them . . . They're going to come in here and perjure themselves on the stand, and risk prosecution themselves, for what? For this?' " (*id.* at 1053-1054).

On this appeal, defendant again contends that reversal is warranted based upon prosecutorial misconduct on summation, and we agree.  Despite our prior admonition on defendant's first appeal, the prosecutor on retrial repeated some of the improper comments from the first summation and made additional comments that we conclude are improper.  The prosecutor improperly denigrated the defense and defense counsel, repeatedly characterizing the defense as "noise," "nonsense" and a "distraction[]," and arguing that defense counsel was fabricating facts and attempting to mislead the jury (*see People v Miller*, 104 AD3d 1223, 1223-1224, *lv denied* 21 NY3d 1017; *People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998; *People v Spann*, 82 AD3d 1013, 1015).  In one of the more troubling passages in her summation, the prosecutor stated, "You are here for the People of the State of New York versus [defendant] . . . It is not about who isn't sitting at the defense table, it is about who is.  Are you buying it? Because that's what they're selling.  Theories disguised as arguments and posturing as evidence.  And I'm not suggesting the defendant has the burden of proving anything because the burden rests with the People, but by the same token, it doesn't give counsel license to make stuff up and pretend that it's evidence.  They all have something in common.  These theories, they're noise, they're nonsense.  They want you to be distracted.  Do not be distracted."

In addition, the prosecutor misstated the evidence and the law (*see People v Riback*, 13 NY3d 416, 423; *Spann*, 82 AD3d at 1015-1016; *People v Hetherington*, 229 AD2d 916, 917, *lv denied* 88 NY2d 1021), made an inappropriate "guilt by association" argument (*see People v Parker*, 178 AD2d 665, 666), and improperly characterized the case as "about finding the truth and it is as simple as that" (*see People v Ward*, 107 AD3d 1605, 1606-1607; *People v Benedetto*, 294 AD2d 958, 959; *People v Smith*, 184 AD2d 326, 326, *lv denied* 80 NY2d 910).  Perhaps the prosecutor's most egregious misconduct occurred when she made herself an unsworn witness and injected the integrity of the District Attorney's office into the case (*see People v Moye*, 12 NY3d 743, 744; *People v Clark*, 195 AD2d 988, 990).  With respect to a chief prosecution witness, who did not testify at the first trial and who turned herself in on a warrant the day prior to her testimony, the prosecutor stated:  "When she arrived at our offices, she was escorted over to Buffalo City Court because she had a warrant, because that's what you have to do, and she was released on her own recognizance by the judge.  *And let me be very clear here when we talk about promises to witnesses or benefits that they received.  Let me be very clear. Neither myself, nor [the other prosecuting attorney], nor anyone from our office, ever promised her anything in exchange for her testimony*" (emphasis added).  The Court of Appeals condemned similar comments by the prosecutor in *People v Carter* (40 NY2d 933, 934-935).

In light of the foregoing, we conclude that reversal is warranted based on the pervasive and at times egregious misconduct on summation, particularly in light of our previous admonition to the People in this matter (*see Spann*, 82 AD3d at 1015-1016; *People v Wlasiuk*, 32 AD3d 674, 681, *lv dismissed* 7 NY3d 871).  In short, as we said more than 15 years ago, "[i]t would seem, by now, unnecessary to emphasize again that the duty of the prosecutor is to honor established legal principles, not to secure a conviction by any and all means" (*People v Paul*, 229 AD2d 932, 933).

We further agree with defendant that the evidence is legally insufficient to support the conviction of grand larceny in the third degree because there is insufficient evidence that the value of the stolen property exceeded $3,000 (*see* Penal Law former § 155.35). Although defendant failed to preserve that contention for our review (*see People v Snyder*, 100 AD3d 1367, 1367-1368, *lv denied* 21 NY3d 1010), we nevertheless exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  The value of stolen property is "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (Penal Law § 155.20 [1]).  It is well established that "a victim must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value" (*People v Lopez*, 79 NY2d 402, 404), and that "[c]onclusory statements and rough estimates of value are not sufficient" (*People v Loomis*, 56 AD3d 1046, 1047).

Here, the stolen property consisted of a PlayStation video game console, video games, DVDs, a laptop, an external hard drive, and other miscellaneous computer equipment.  The victim testified that the value of the laptop was "about $2,000" and that he "had it for less than a year" before the burglary, but he did not testify as to the purchase price, the condition of the laptop, or the cost to replace it (*see People v Geroyianis*, 96 AD3d 1641, 1643-1644, *lv denied* 19 NY3d 996, *reconsideration denied* 19 NY3d 1102; *People v Vandenburg*, 254 AD2d 532, 534, *lv denied* 93 NY2d 858).  As for the PlayStation, the victim testified that it cost $150 in 2005.  Although a "victim is competent to supply evidence of original cost" (*People v Stein*, 172 AD2d 1060, 1060, *lv denied* 78 NY2d 975), "evidence of the original purchase price, without more, will not satisfy the People's burden" (*People v Gonzalez*, 221 AD2d 203, 204).  With respect to the remaining items of stolen property, the victim "provided only rough estimates of value . . . without setting forth any basis for his estimates . . . , and thus the evidence also is legally insufficient to establish the value of those remaining items" (*Geroyianis*, 96 AD3d at 1645 [internal quotation marks omitted]; *see People v Sutherland*, 102 AD3d 897, 898-899).  On this record, we cannot conclude that " 'the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' " of $3,000 (*People v Brinks*, 78 AD3d 1483, 1484, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828; *see Vandenburg*, 254 AD2d at 534). We therefore dismiss count two of the indictment.

We likewise agree with defendant that the evidence is legally insufficient to support his conviction of criminal possession of a controlled substance in the seventh degree, as charged in the fourth count of the indictment.  The indictment alleged that "*on or about the 2nd day of September, 2005*, [defendant] knowingly and unlawfully possessed a controlled substance, to wit:  cocaine" (emphasis added).  The evidence that defendant possessed a controlled substance on September 2, 2005 consisted solely of the testimony of a witness and defendant's statement that they smoked crack cocaine together on that date, but at different times.  As the People correctly concede, such evidence is legally insufficient to support a conviction of criminal possession of a controlled substance (*see generally People v Martin*, 81 AD3d 1178, 1179-1180, *lv denied* 17 NY3d 819, *reconsideration denied* 17 NY3d 904).  Although the evidence is legally sufficient to establish that defendant possessed a controlled substance on September 27, 2005, the date of his arrest, the indictment did not charge defendant with drug possession on that date and, contrary to the People's contention, the discrepancy cannot be characterized as a mere "variance" in the date of the offense (*see People v La Marca*, 3 NY2d 452, 458-459, *remittitur amended* 3 NY2d 942, *cert denied* 355 US 920, *rearg denied* 4 NY2d 960).  We therefore dismiss count four of the indictment (*see generally People v Oberlander*, 60 AD3d 1288, 1289).

Contrary to the further contention of defendant, however, we conclude that the evidence is legally sufficient to support the conviction of burglary in the second degree and criminal possession of a forged instrument in the second degree and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

In light of our determination, we do not address defendant's remaining contentions.

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court