# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**45**

**KA 07-01929**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                         MEMORANDUM AND ORDER

CLEMON JONES, ALSO KNOWN AS CLEMENT/CLEMONT JONES,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CLEMON JONES, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A.
Keenan, J.), rendered September 4, 2007. The judgment convicted
defendant, upon a jury verdict, of criminal possession of a forged
instrument in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment
convicting him upon a jury verdict of two counts of criminal
possession of a forged instrument in the second degree (Penal Law §
170.25) and, in appeal No. 2, he appeals from a judgment convicting
him upon his plea of guilty of criminal possession of a forged
instrument in the first degree (§ 170.30). With respect to appeal No.
1, defendant correctly concedes that he failed to preserve for our
review his challenge to the legal sufficiency of the evidence inasmuch
as he made only a general motion for a trial order of dismissal (*see
People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks
merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing
the evidence in light of the elements of the crimes as charged to the
jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude
that the verdict is not against the weight of the evidence (*see
generally Bleakley*, 69 NY2d at 495). The evidence presented at trial,
which included recorded conversations between defendant and an
undercover officer, supported the jury's rejection of the affirmative
defense of entrapment (*see People v Gordon*, 72 AD3d 841, 842, *lv
denied* 15 NY3d 920; *People v White*, 272 AD2d 872, 872, *lv denied* 95
NY2d 859).

Defendant failed to preserve for our review his further contention in appeal No. 1 that the police conduct deprived him of due process and, in any event, that contention is without merit (*see People v Din*, 62 AD3d 1023, 1024, *lv denied* 13 NY3d 795). Contrary to the further contention of defendant, County Court did not abuse its discretion in refusing to assign him new counsel. The record establishes that the court made the requisite " 'minimal inquiry' " into defendant's reasons for requesting new counsel (*People v Porto*, 16 NY3d 93, 100; *see People v Adger*, 83 AD3d 1590, 1591-1592, *lv denied* 17 NY3d 857), and defendant " 'did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]' " (*Adger*, 83 AD3d at 1591; *see People v Ayuso*, 80 AD3d 708, 708-709, *lv denied* 16 NY3d 856). Defendant's problems with defense counsel resulted from "strategic disagreements . . . and from an antagonistic attitude on defendant's part," neither of which requires substitution of counsel (*People v Sturdevant*, 74 AD3d 1491, 1494, *lv denied* 15 NY3d 810). We note that the court granted defendant's previous request for new counsel, and it is well settled that " '[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option' " (*People v Ward,* 27 AD3d 1119, 1120, *lv denied* 7 NY3d 819, *reconsideration denied* 7 NY3d 871, quoting *People v Sides*, 75 NY2d 822, 824).

Also with respect to appeal No. 1, we reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel. The record does not support defendant's contention in his main brief that communication issues hindered the defense. Even assuming, arguendo, that defense counsel's prior representation of a codefendant of the confidential informant in an unrelated case constitutes a potential conflict of interest, we conclude that defendant has not demonstrated that "the alleged conflict operated upon his defense in any way" (*People v Monette*, 70 AD3d 1186, 1188, *lv denied* 15 NY3d 776). Contrary to defendant's contention in his pro se supplemental brief, defense counsel's failure to object to a single allegedly improper remark during the prosecutor's summation does not render him ineffective (*see People v Ward*, 107 AD3d 1605, 1607, *lv denied* 21 NY3d 1078). Rather, "[v]iewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation," we conclude that defendant was not denied effective assistance of counsel (*People v Goossens*, 92 AD3d 1281, 1282, *lv denied* 19 NY3d 960; *see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends in his main brief that he was deprived of a fair trial by prosecutorial misconduct on summation. Defendant failed to preserve his contention for our review with respect to one of the two challenged remarks inasmuch as he did not object to that remark at trial (*see Ward*, 107 AD3d at 1606; *People v Foster*, 101 AD3d 1668, 1670, *lv denied* 20 NY3d 1098). In any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv*

*denied* 100 NY2d 583).  As defendant correctly concedes, he likewise failed to preserve for our review his contention that he was improperly shackled during the persistent felony offender hearing (*see People v Robinson*, 49 AD3d 1269, 1270, *lv denied* 10 NY3d 869), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The contention of defendant concerning appeal No. 1 in his main and pro se supplemental briefs that he was improperly adjudicated a persistent felony offender was considered and rejected by this Court on defendant's appeal from an order denying his CPL article 440 motion to vacate the sentence imposed upon the underlying judgment of conviction (*People v Jones*, 109 AD3d 1108, 1108).  Defendant's further contention in his pro se supplemental brief that the persistent felony offender statute is unconstitutional is unpreserved for our review (*see People v Besser*, 96 NY2d 136, 148), and without merit in any event (*see People v Quinones*, 12 NY3d 116, 119, *cert denied* 558 US 821; *People v Coleman*, 82 AD3d 1593, 1594, *lv denied* 17 NY3d 793).

We have reviewed defendant's remaining contentions in his pro se supplemental brief concerning appeal No. 1 and conclude that none warrants reversal or modification.

With respect to appeal No. 2, defendant contends in his main brief that he did not knowingly, voluntarily, or intelligently enter his *Alford* plea and that the People failed to provide strong evidence of guilt.  As defendant correctly concedes, he failed to preserve those contentions for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Hinkle*, 56 AD3d 1210, 1210).  Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666) and, in any event, we conclude that the record establishes that defendant's *Alford* plea was "the product of a voluntary and rational choice," and that the record "contains strong evidence of actual guilt" (*People v Dash*, 74 AD3d 1859, 1860, *lv denied* 15 NY3d 892 [internal quotation marks omitted]; *see People v Cruz*, 89 AD3d 1464, 1465, *lv denied* 89 NY3d 993).

Finally, defendant's contention in appeal No. 2 that the court should have corrected unspecified errors in the presentence report (PSR) or, alternatively, that the court should have conducted a hearing to determine the merits of defendant's allegations concerning the alleged errors is unpreserved for our review inasmuch as he did not request such relief from the court (*see People v Gibbons*, 101 AD3d 1615, 1616; *see generally* CPL 470.05 [2]).  Indeed, the record establishes that defense counsel provided the court with certain objections to the PSR and requested that the court append those objections to the PSR.  The court agreed to do so, and defense counsel responded that such relief "comports with our request."

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court