# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**723**

**KA 09-01038**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

EFRAIN L. LOPEZ, ALSO KNOWN AS EFFRAIN LOPEZ,
DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered February 20, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a second trial, upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The first trial ended in a mistrial based on a deadlocked jury. Defendant failed to preserve for our review his contention that the evidence established only that he was a "mere bystander" to the subject sale of heroin and thus that the evidence is legally insufficient to establish that he was an accessory to the crimes, as charged (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, the evidence regarding his involvement in the subject sale did not establish that such involvement was merely "brief and incidental" (*People v Marshall*, 72 AD2d 922, 922). Rather, the evidence established that defendant shared the requisite intent to commit the charged crimes, and a rational trier of fact " 'could have found the elements of the crime[s] proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see id.*), we reject defendant's contention that the verdict is against the weight of the evidence. It is well settled that credibility issues are

"within the province of the jury, and its judgment should not be lightly disturbed" (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831), and we perceive no reason to disturb the jury's resolution of those issues in this case.

Defendant further contends that the double jeopardy clause prohibited defendant's retrial because the evidence at the first trial was legally insufficient. We reject that contention. Retrial is not barred by double jeopardy unless "the evidence from the first trial is determined by the reviewing court to be legally insufficient" (*People v Scerbo*, 74 AD3d 1730, 1731, *lv denied* 15 NY3d 757). Defendant concedes that "[t]he witnesses, testimony and evidence presented at the first trial were substantially similar to that presented at the second trial," and we previously rejected herein defendant's challenge to the legal sufficiency of the evidence at the second trial. In any event, viewing the facts in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence in the first trial was legally sufficient (*see generally Bleakley*, 69 NY2d at 495).

Defendant's further contention that prosecutorial misconduct on summation deprived him of a fair trial is preserved for our review only in part, inasmuch as he failed to object to several of the allegedly improper statements (*see People v Jones*, 114 AD3d 1239, 1241). In any event, defendant's contention lacks merit. We conclude that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*id.; see People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959; *People v Ward*, 107 AD3d 1605, 1606-1607, *lv denied* 21 NY3d 1078).

Also contrary to defendant's contention, Supreme Court properly admitted an audiotape of the subject heroin transaction in evidence and allowed the jury to use a transcript to assist it in understanding the audiotape (*see People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864). "A tape recording must be excluded from evidence only if it is so inaudible and indistinct that the jury would have to speculate concerning its contents" (*id.*). Moreover, "it is also within [the] court's discretion to allow the use of transcripts as an assistance once audibility [is] established . . . [The fact] [t]hat the transcripts were not made by an independent third party does not affect the tapes' admissibility once they are found to be audible . . . This is particularly so [where, as, here,] the transcripts themselves are not admitted [in] evidence" (*People v Watson*, 172 AD2d 882, 883).

We further reject defendant's contention that he received ineffective assistance of counsel based on defense counsel's failure to renew his motion for a trial order of dismissal after presenting evidence. As we determined herein, the evidence is legally sufficient, and it is well settled that a defendant "is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  July 11, 2014                          Frances E. Cafarell
                                                Clerk of the Court