SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

957
KA 13-00409
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                          MEMORANDUM AND ORDER

JON N. ROBLEE, DEFENDANT-APPELLANT.
_____

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

JON N. ROBLEE, DEFENDANT-APPELLANT PRO SE.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.
-------------------------------------------------------------------

      Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered February 28, 2013.  The judgment convicted
defendant, upon a jury verdict, of criminal contempt in the first
degree.

      It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

      Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of criminal contempt in the first degree (Penal
Law § 215.51 [b] [iii]).  The charge stems from defendant's violation
of an order of protection in favor of the victim.  As a preliminary
matter, we reject defendant's contention that County Court erred in
admitting evidence of an incident of domestic violence that occurred
on February 26, 2009.  According to defendant, such evidence went
beyond the scope of the People's pretrial notice.  Defendant's
contention is without merit inasmuch as the People's pretrial notice
concerned evidence of defendant's intent and the victim's reasonable
fear under a *Molineux* theory (*see People v Small*, 12 NY3d 732, 733;
*People v Torres*, 300 AD2d 46, 46-47, *lv denied* 99 NY2d 633; *cf.* CPL
240.43).  We therefore have considered that evidence as part of our
analysis of the legal sufficiency and weight of the evidence.

      We reject defendant's contention in his main and pro se
supplemental briefs that the conviction is not supported by legally
sufficient evidence.  Initially, we note that defendant's contention
is preserved only to the extent that he challenged in his motion for a
trial order of dismissal the sufficiency of the evidence with respect
to his intent to put the victim in reasonable fear of "physical
injury, serious physical injury, or death" (Penal Law § 215.51 [b]

[iii]; *see People v Gray*, 86 NY2d 10, 19). We decline to exercise our power to review defendant's other legal insufficiency claims as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to the element of intent, it is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682; *see also People v Kelly*, 79 AD3d 1642, 1642, *lv denied* 16 NY3d 832). Here, we conclude that there is a "valid line of reasoning and permissible inferences" from which the jury reasonably could have concluded that defendant had the requisite intent to commit the crime charged (*People v Bleakley*, 69 NY2d 490, 495; *see People v Tomasky*, 36 AD3d 1025, 1026, *lv denied* 8 NY3d 927). The record establishes that, during the long history between the defendant and victim, defendant has made violent threats against the victim on more than one occasion and even has thrown a knife at her during one of their altercations. Taking into account the circumstances surrounding the crime—defendant told the victim over the telephone that he was going to "get" her and another individual "if it takes the rest of my life"—we further conclude that the evidence is legally sufficient to establish that defendant intended to place the victim "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 215.51 [b] [iii]; *see Tomasky*, 36 AD3d at 1026).

Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]) and, here, we see no reason to disturb the jury's resolution of those issues. Contrary to defendant's contention, the fact that the victim's testimony regarding the crime herein varied slightly from her statement to the police does not make her testimony incredible as a matter of law (*see People v Ford*, 114 AD3d 1273, 1275, *lv denied* 23 NY3d 962).

Defendant contends that the indictment should be dismissed because the grand jury instructions were improper or incomplete, an insufficient number of grand jurors heard the evidence presented, and an insufficient number of grand jurors voted to indict. Those contentions are not reviewable by this Court inasmuch as defendant has failed to provide us with the entire record of the grand jury proceedings (*see People v Hawkins*, 113 AD3d 1123, 1125, *lv denied* 22 NY3d 1156; *People v Dilbert*, 1 AD3d 967, 967-968, *lv denied* 1 NY3d 626).

We reject defendant's further contention that the court failed to comply with its core responsibilities under CPL 310.30 by not giving defense counsel meaningful notice of the crossed-out portion of a jury note. On the jury note, the words "Grand Jury testimony and" were crossed out by three lines. Contrary to the People's position, we conclude that defendant was not required to preserve his contention inasmuch as there is no evidence in the record that defense counsel

was made aware of the crossed-out portion of the note (*see People v Kalinowski*, 84 AD3d 1739, 1740; *see also People v Walston*, 23 NY3d 986, 989-990).  We nevertheless conclude that the court provided defense counsel with "meaningful notice . . . of the specific content of the *jurors' request*" (*see People v Alcide*, 21 NY3d 687, 692 [emphasis added]), and we further conclude that the crossed-out portion of the note cannot be characterized as part of that request.

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct based on statements, comments, and objections during voir dire, opening statements, and summations. Defendant's contention is preserved for our review only in part inasmuch as he failed to object to several of the prosecutor's alleged improprieties (*see People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038).  To the extent that defendant's contention is preserved, we conclude that it lacks merit.  "Reversal based on prosecutorial misconduct is 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916) and, here, " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*Jones*, 114 AD3d at 1241; *see People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959; *People v Ward*, 107 AD3d 1605, 1606-1607, *lv denied* 21 NY3d 1078).

Defendant contends that it was unnecessary for the court to charge the jury with respect to admissions inasmuch as there were no admissions in the case, but we note that defendant failed to preserve that contention for our review (*see generally* CPL 470.05 [2]; *People v Williams*, 118 AD3d 1295, 1297).  In any event, the contention lacks merit inasmuch as the court's charge on admissions was accurate, itself, and also fit within the greater context of the general evidentiary standards that the court was conveying to the jury (*see generally People v McCallum*, 96 AD3d 1638, 1639, *lv denied* 19 NY3d 1103), and we therefore conclude that the charge could not have led to jury confusion (*see generally People v Bridenbaker*, 266 AD2d 875, 875, *lv denied* 94 NY2d 917).  Defendant concedes that his contention regarding the court's alleged failure to instruct the jury on how to evaluate certain testimony regarding an altercation between defendant and the victim's husband in February or March 2011 is not preserved for our review (*see generally People v Madera*, 103 AD3d 1197, 1199, *lv denied* 21 NY3d 1006), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice.

We reject defendant's further contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel, which is premised on defendant's claims that counsel allegedly failed to make certain motions or arguments.  We conclude, however, that such motions or arguments would not have been successful, and it is well settled that a defendant "is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Defendant's contention that the court failed to substitute counsel in a timely fashion is also without merit. At a court appearance on August 28, 2012, the purpose of which was to afford the parties an opportunity to address defendant's refusal to undergo a required CPL article 730 psychiatric examination, defendant told the court that he had "fired" his first attorney, and he stated that he wanted new counsel. Given defendant's refusal and the timing of his request for new counsel, we conclude that the court did not err in adjourning the proceeding for two months, ordering defendant to undergo two psychiatric examinations during that time, and reviewing the results of those psychiatric examinations before determining at the next court appearance that the appointment of new counsel was appropriate (*see People v Linares*, 2 NY3d 507, 511).

Contrary to defendant's further contention, the court did not err in designating the victim's husband—a member of the victim's household and a witness to defendant's behavior towards the victim—an appropriate person to be covered by an order of protection (*see* CPL 530.12 [5]; *see generally People v Konieczny*, 2 NY3d 569, 572).

Finally, the sentence is not unduly harsh or severe.

Entered: November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court