# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**715**

**KA 11-02526**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MICHAEL CRUZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Terrence M. Parker, A.J.), rendered November 1, 2011.  The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction to petit larceny and vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for sentencing.

Memorandum:  Defendant appeals from a judgment convicting him following a jury trial of grand larceny in the third degree (Penal Law § 155.35 [1]), which arose out of the theft of four puppies of a certain breed.  Defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish, among other things, that the value of the stolen property exceeded $3,000.  Defendant concedes that he failed to preserve for our review his challenges to the legal sufficiency of the evidence. We nevertheless exercise our power to review his challenge with respect to the value of the stolen puppies as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the conviction is not supported by legally sufficient evidence with respect thereto (*see generally People v Danielson*, 9 NY3d 342, 349).

The People were required to establish beyond a reasonable doubt that the market value of the stolen puppies at the time of the crime exceeded $3,000 (*see* Penal Law § 155.20 [1]), and they attempted to meet that burden with testimony from the victim of the crime.  We note, however, that "[l]egally sufficient evidence of value is not supplied by the opinion testimony of a victim who is not qualified to testify as an expert" (*People v Stein*, 172 AD2d 1060, 1060, *lv denied*

78 NY2d 975) and, here, the victim testified that he was not a dog expert. In any event, the victim's substantive testimony concerning the value of the stolen puppies amounted to merely speculative statements of value, and not conclusive proof thereof (*see generally People v Harold*, 22 NY2d 443, 445; *People v Loomis*, 56 AD3d 1046, 1047). Notably, the victim testified that he had advertised the puppies and sold one of them under the representation that it was of a certain breed, but the puppies were, in fact, of another breed. Therefore, "[o]n this record, we cannot conclude that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the [stolen] property exceeded the statutory threshold of $3,000" (*People v Morgan*, 111 AD3d 1254, 1257 [internal quotation marks omitted]). Inasmuch as the proof of value in excess of $3,000 is insufficient, we reduce the conviction to petit larceny (Penal Law § 155.25; *see People v Vandenburg*, 254 AD2d 532, 534, *lv denied* 93 NY2d 858), and we remit the matter to County Court for sentencing on that reduced conviction.

We have reviewed defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.

Entered: July 10, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court